THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SOCIETY OF SAINT JOSEPH PALO DEL COLLE, ITALY, INC., Defendant.

Supreme Court, Special Term, Kings County, October 9, 1941.

*John J. Bennett, Jr., Attorney-General [William J. Cahill, Assistant Attorney-General, of counsel], for the plaintiff.*

*Lorenz & Lorenz [Joseph Lorenz of counsel], for the defendant.*

LEWIS, J. This is a motion under rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that the action is barred by the Statute of Limitations. The action was brought by the Attorney-General in July, 1940, under article 8 of the General Corporation Law to vacate and annul the charter of the defendant society. A number of alleged *ultra vires* acts occurring between

1930 and January 30, 1937, are set forth in the complaint as the basis for the relief requested.

Defendant urges that either subdivision 3 of section 49, or subdivision 2 of section 50 of the Civil Practice Act, applies. The Attorney-General submits that the proper limitation to be applied is that set forth in section 53 of the Civil Practice Act, which states: " An action, the limitation of which is not specifically prescribed in this article, must be commenced within ten years after the cause of action accrues."

This action is to compel a forfeiture by virtue of section 91 of the General Corporation Law, and as such seems to fall within the coverage of subdivision 2 of section 50 of the Civil Practice Act, which provides that the following action must be commenced within two years after the cause of action has accrued: " An action upon a statute for a forfeiture or penalty to the People of the State."

As the last unauthorized act took place more than three years before the commencement of the action, the action is barred. The same result would obtain under subdivision 3 of section 49 of the Civil Practice Act, which prescribes a three-year limitation. Under a similar statute the Supreme Court of Missouri has held that a proceeding to oust certain corporations from their franchises because of violations of the anti-trust law was barred. (*State ex. inf. Major* v. *Arkansas Lumber Co.*, 260 Mo. 212; 169 S. W. 145.)

It is contended, however, that the defense of the Statute of Limitations cannot be interposed successfully because there has been a continued violation by the defendant society. Reference is made to paragraph " Fifth " of the complaint which alleges:

" *Fifth.* That the said defendant Society, through its officers, agents, servants and employees, in violation of the provisions of Section 47 of the Membership Corporations Law, from 1932 to 1936, has paid directly and indirectly compensations and emoluments to officers and directors, without due compliance with the said Membership Corporations Law, in that the funds of the Society were used for the purchase of two automobiles for the use of the president, one in 1932 and one in 1936."

Plaintiffs urge that there is a fair presumption that the second automobile was retained and used for a period of three or four years as the prior one had been. I do not believe that such presumption is warranted. In any event, the violations were committed in 1932 and in 1936 when the respective automobiles were purchased, and cannot be construed as continuing wrongs.

Motion granted.