B. Thomas Pahtaho, J.
In this action by the State of New York to dissolve the defendant corporations and to permanently enjoin the individual defendants from certain practices, the Attorney-General moves for the following preliminary relief:
(1) A preliminary injunction pursuant to section 1115 of the Business Corporation Law, and subdivision 12 of section 63 of the Executive Law; and
(2) The appointment of a temporary receiver of the property of the defendant corporations, pursuant to section 1113 of the Business Corporation Law.
Motion is made by defendants Berlin, Landau Investors Corporation, formerly known as Landau Homes Inc. (Landau), Midas Collection Inc. (Midas), Salvo Realty Corp. (Salvo), and Westnau Land Corp. (Westnau), to dismiss, pursuant to CPLR 3211 (subd. [a], par. 5) and subdivision 2 of CPLR 214, the first, second, third, fourth and fifth causes of action on the basis of the Statute of Limitations, and pursuant to CPLR 3211 (subd. [a], pars. 4, 5) to dismiss the first, second, third, fourth, seventh, eighth and ninth causes of action on the grounds of collateral estoppel, payment, release or res judicata.
The defendant Wessnor Realty Corp. (Wessnor) moves, by cross motion, for an order dismissing the complaint as to it pursuant to CPLR 3211 (subd. [a], pars. 1, 8). The affidavit of service by mail indicates that the notice of cross motion and affidavit were served on February 15, 1972. The original order to show cause was returnable on February 1,1972, but apparently it was adjourned by stipulation ■ to February 17, 1972. The affidavit of service upon Wessnor Realty Corp. shows that the moving papers, including the complaint herein were served upon “Milton Berlin as representative of defendant Wessnor *354 Realty Corp. by delivering a true copy thereof to said Milton Berlin.”
By notice of cross motion and affidavit served by mail on February 15, 1972, the defendant Jay Kapin seeks dismissal of the complaint pursuant to CPLR 3211 (subd; [a], par. 1) and pursuant to CPLR 3211 (subd. [a], par. 7) dismissing the last four causes of action for failure to state a cause of action. The affidavit is. offered in opposition to the motion by the Attorney-General, as well as in support of the cross motion.
Before considering the various motions, the court notes that although defendants Cortelle Corp., Ditmere Corp. and Tenbar Corp. do not appear to oppose the plaintiff’s motion, neither does it appear that the court has jurisdiction in this action over these corporations. Service of the summons and complaint and order to show cause was purported to have been effected by serving Joseph D. Stim, described as attorney for said defendants. Such service is not effective to confer jurisdiction upon those corporate defendants. (CPLR 311.)
The court will address itself to the motion of the State for a preliminary injunction.
It is alleged by the plaintiff that defendants conspired to loan money to individuals whose homes were being foreclosed, provided the homeowners would sign over the deed to their houses as collateral for such loans. The defendants would represent to the homeowner, it is alleged, that the homeowner would be able at a later time to repurchase his own home once sufficient funds to repay the loan were available. It is, .further alleged that this promise or representation to the hÓjjpéowner was untrue and known to be untrue at the time the lóqn was made, and that the defendants had no intention of ever, returning the deed so acquired to their original owners. The original owners stayed in possession of their homes under leases which defendants allegedly required them tq sign. The rent charged was roughly equal to the payments made, on the mortgages. One or the other of the defendants was the lessor. It is also alleged that in one case it was represented that a certain deed was in effect a second mortgage.
The prevention of irreparable injury to the plaintiff and the public, the inadequacy of remedies at law, the avoidance of mutiplicity of suits, and the plaintiff’s need for a preliminary injunction at this time to preserve,the status quo with respect to the properties involved in the transactions described in the complaint, have been carefully considered by the court. If the facts alleged in the cojnplaint are proven, there would be a valid *355 ground upon which the court could grant the relief requested by the plaintiff herein.
The right to an injunction is specifically provided for in section 1115 of the Business Corporation Law as well as in subdivision 12 of section 63 of the Executive Law. The People, here represented by the Attorney-General, need not wait until further acts are committed by the defendants herein beforé taking action.
While section 1113 of the Business Corporation Law does provide for the preservation of the assets of a corporation by the appointment of a receiver of the business of the corporation, no adequate showing of the right to that relief has been made by the Attorney-General. The only statement under oath pertaining to such request is as follows: “Unless a temporary restraining order and temporary receiver is appointed, defendant Berlin will transfer his property to innocent purchasers, thereby making any attempt by this Court to do equity in this matter moot and without effect, and causing the homeowners herein involved irreparable harm.”
The court is of the opinion and so holds, that an injunction restraining the defendant Berlin, as well as other defendants from transferring property which has been the subject of the transactions complained of in the complaint, should be sufficient pending trial of this matter, which should be sought as expeditiously as possible.
In view of the foregoing, the plaintiff’s motion is granted to the extent that the defendants Berlin, Midas, Salvo, Landau, Westnau and Kapin are stayed and restrained during the pendency of this action from disposing of any property, real, personal or mixed, now in or to cope into their individual or corporate possession or control and haying a source relating to the transactions described in the complaint or similar trans-^ actions, and the said motion is, in all other respects, denied.
Next we turn to the motion on behalf of Berlin, Midas, Salvo, Landau and Westnau. The court is of the opinion that this is an action to recover upon liability, penalty or forfeiture created or imposed by statute and that, therefore, subdivision 2 of CPLR 214 imposing a three-year Statute of Limitations applies to these actions. (City of Buffalo v. Maggio, 27 A D 2d 635; People v. Duggan, 30 A D 2d 736.) The three-year Statute of Limitations has been applied to a similar action. (People v. Society of St. Joseph Palo Del Colle, Italy, 177 Misc. 419; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 214.07, 214.0&)
Applying the three-year Statute of Limitations, it is apparent thqt the first and third causes of action are not barred while the *356 second, fourth and fifth causes are barred. The last act alleged in the first and third causes of action transpired within the three-year period prior to the service of the summons. (State of New York v. New York Movers Tariff Bur., 48 Misc 2d 225, 250.) The last acts with regard to the second, fourth, and fifth causes of action took place prior to the commencement of the three-year period in issue here; therefore, those causes of action are barred.
That portion of the motion of defendants Berlin, Midas, Salvo, Landau and Westnau which seeks to dismiss the first, second, third, fourth, seventh, eighth and ninth causes of action pursuant to CPLR 3211 (subd. [a], pars. 4, 5) must be denied. There is no other action pending between these same parties for the same cause of action in any court of any State or the United States, the ground for dismissal in CPLR 3211 (subd. [a], par. 4). The State of New York, plaintiff in this action, was not a party to any other action to which the defendants refer in their motion papers.
Nor is CPLR 3211 (subd. [a], par 5) applicable to this case for the reason that there is no showing that the State of New York by its representative, the Attorney-General, ever settled or released any claim against any of the defendants. The State is not collaterally estopped, either. The matters to which defendants refer in this branch of their motion relate directly to private litigation between private individuals. Such litigation has no effect upon the State, represented here by the Attorney-General, who was not a party to such litigation. (Matter of N. Y. State Labor Relations Bd. v. Holland Laundry, 294 N. Y. 480.)
The motion on behalf of defendants Berlin, Landau, Midas, Salvo and Westnau is granted to the extent that the second, fourth and fifth causes of action are dismissed as barred by the Statute of Limitations and is in all other respects denied.
. The cross motion by defendant Kapin is denied without prejudice to a new motion. This motion was returnable on February 17,1972. The affidavit of service of the motion papers on behalf of defendant Kapin states that it was served by mail ón February 15, 1972. The cross motion was not timely made. (CPLR 2215, 2103, subd. [b], par. 2.)
The cross motion by defendant Wessnor Realty Corp. was made by service of notice of cross motion and supporting papers by mail on February 15, 1972, two days- before the adjourned return day of the plaintiff’s motion. Although the cross motion was made on short notice (CPLR 2215, 2103, subd. [b], par. 2' *357 the court notes that the affidavit of service on file with the court alleges that Wessnor Realty Corp. was served with the summons, complaint and order to show cause by delivery of a copy thereof upon ‘1 Milton Berlin as representative of the defendant Wessnor Realty Corporation”. The affidavit, then, is insufficient to show service upon a person through whom a corporate defendant may be served (CPLR 311, subd. 1) and the summons and complaint are dismissed without prejudice as to said defendant Wessnor Realty Corp.