TIMBERS, Circuit Judge:
 

 The trustee (“appellant”) of Sapphire Steamship Lines, Inc. (“debtor”) appeals from a final judgment entered November 15, 1984 in the Southern District of New
 
 *14
 
 York, Robert W. Sweet,
 
 District Judge,
 

 [1]
 

 reversing an order of the bankruptcy court, Burton R. Lifland,
 
 Bankruptcy Judge,
 

 [2]
 

 and allowing the claim of the Internal Revenue Service (“IRS” or “appellee”) against appellant for penalties in the amount of $21,572.05 for the tax years 1978, 1979, 1981, and 1982 because of appellant’s failure to pay estimated corporate income taxes on a quarterly basis. On appeal, appellant contends that the district court erred in holding that a trustee of an estate of a corporation in bankruptcy is liable for the payment of estimated corporate income taxes pursuant to 26 U.S.C. § 6154 (1982) and penalties for failure to pay estimated income taxes pursuant to 26 U.S.C. § 6655 (1982). For the reasons that follow, we affirm.
 

 I.
 

 The facts are not in dispute.
 

 The debtor on March 13, 1967 filed its voluntary petition in bankruptcy under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 301
 
 et seq.
 
 (1976).
 
 [3]
 
 On April 28, 1967, appellant was appointed trustee of the debtor’s estate. During the tax years ending March 31,1974 through the present, the sole source of income of the estate has been passive income from interest on the estate’s property and proceeds from the settlement of certain antitrust actions. During this period, appellant has filed annual tax returns (Form 1120) for the estate and has paid annually the tax shown in the returns to be due.
 

 In January 1979, appellee notified appellant of the latter’s failure to pay estimated taxes for the tax year 1978. In June 1982, appellee notified appellant of the latter’s failure to pay estimated taxes for the tax years 1979 and 1981. Similar notice in due course was given for the tax year 1982. In August 1983, appellee filed in the Bankruptcy Court a request for payment of Internal Revenue Taxes, claiming statutory penalties and interest in the amount of $67,735.93 as of August 22, 1983, based upon appellant’s failure to pay estimated federal corporate income taxes for the tax years 1975, 1976, 1978, 1979, 1981, and 1982. On September 16, 1983, appellant moved in the bankruptcy court for an order fixing and determining the amount of federal taxes, if any, owed by appellant. Appellant contended that the Internal Revenue Code of 1954 (the “Code”), 26 U.S.C. § 1
 
 et seq.
 
 (1982), does not require the trustee of the estate of a corporation in bankruptcy to pay estimated income taxes and that, therefore, appellant could not be held liable for penalties and interest resulting from his nonpayment of estimated taxes.
 

 On March 9, 1984, the bankruptcy court held that appellant was not obligated to pay estimated corporate income taxes on behalf of the debtor. By stipulation filed June 15, 1984, the parties agreed that ap-pellee’s claim for appellant’s failure to pay estimated income taxes was $21,572.05 for the tax years 1978, 1979, 1981, and 1982.
 

 On November 14, 1984, the district court reversed the order of the bankruptcy court and allowed appellee’s administrative claim in the amount of $21,572.05 for the tax years 1978, 1979, 1981, and 1982 for penalties because of appellant’s failure to pay estimated income taxes on behalf of the debtor. From the judgment entered November 15, 1984, this appeal has been taken.
 

 II.
 

 We hold that the plain language of the Code requires the non-operating trustee of the estate of a corporation in bankruptcy to
 
 *15
 
 make estimated corporate income tax payments on a quarterly basis on behalf of the bankrupt corporation.
 

 Appellant concedes that he is required to file an annual return of income on behalf of the debtor and to pay the tax stated therein. Code, 26 U.S.C. §§ 6012(b)(3), 6151(a) (1982);
 
 In re I.J. Knight Realty Corp.,
 
 501 F.2d 62 (3 Cir.1974). Appellant contends, however, that he is not required to make quarterly payments of estimated corporate income taxes under § 6154(a) of the Code on behalf of the debtor.
 

 The relevant sections of the Code provide as follows:
 

 “A tax is hereby imposed for each taxable year on the taxable income of every corporation.” Code, 26 U.S.C. § 11(a).
 

 “Except as otherwise provided in this subchapter [A], when a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary, pay such tax to the internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return_” Code, 26 U.S.C. § 6151(a).
 

 “In a case where a ... trustee in [bankruptcy], ... by order of a court of competent jurisdiction, by operation of law or otherwise, has possession of or holds title to all or substantially all the property or business of a corporation, whether or not such property or business is being operated, such ... trustee ... shall make the return of income for such corporation in the same manner and form as corporations are required to make such returns.” Code, 26 U.S.C. § 6012(b)(3).
 

 “Every corporation subject to taxation under section 11 ... shall make payments of estimated tax ... during its taxable year ... if its estimated tax for such taxable year can reasonably be expected to be $40 or more.” Code, 26 U.S.C. § 6154(a).
 

 The liability of the debtor for corporate income taxes, and the manner and time of payment, are set forth in sections 11, 6151, and 6154 of the Code. Section 6151 requires appellant to make annual payment of the tax shown on the return he is required by section 6012 to file
 
 “[e ]xcept as otherwise provided in this subchapter [.A
 
 ]”. Code, 26 U.S.C. § 6151 (emphasis added). One of the statutory provisions within subchapter A that requires corporate taxes to be paid other than annually is section 6154, which requires that estimated taxes be paid quarterly if the tax is expected to equal or exceed $40.
 

 Appellant’s reliance on section 6012 as support for exempting a trustee of a corporation in bankruptcy from making quarterly estimated payments on behalf of the corporation is misplaced since returns are not required under section 6154. The requirement that a corporation file a
 
 declaration
 
 of estimated corporate income taxes was repealed in 1968. Code, 26 U.S.C. § 6016 (repealed June 28, 1968). Section 6154 simply requires a corporation to make quarterly
 
 payments
 
 of estimated taxes. For a corporation in bankruptcy, the payments of estimated taxes must be made by the trustee appointed by the court to administer the bankrupt corporation’s estate.
 

 This plain reading of the statutory language is supported by the legislative history of the Bankruptcy Tax Act of 1980. That Act was enacted in part to coordinate “certain provisions of the Internal Revenue Code with the bankruptcy court procedures enacted in Public Law 95-598”, the statute which significantly revised the substantive law of bankruptcy for bankruptcy cases commenced on or after October 1, 1979. 1980 U.S. Code Cong. & Admin. News 7017, 7022 (footnote omitted). Section 6(e)(1) of the Bankruptcy Tax Act of 1980 provided relief from certain failures to pay taxes when due. Code, 26 U.S.C. § 6658. Its legislative history indicates that section 6654 has been understood to apply to the estates of bankrupt corporations in the past:
 

 
 *16
 
 “2. Relief from certain failures to pay tax when due (sec. 6(e) of the bill and new sec. 6658 of the Code)
 

 Present Law
 

 The Internal Revenue Code (secs. 6651, 6654, and 6655) imposes penalties for failure timely to pay certain taxes, unless the taxpayer can establish that the failure was due to reasonable cause and not due to willful neglect. Under bankruptcy rules, a debtor or the trustee of a bankruptcy estate may be precluded from timely paying certain taxes after commencement of the bankruptcy proceedings.
 

 Reasons for Change
 

 The committee believes that penalties should not be imposed for failure timely to pay certain taxes to the extent that bankruptcy proceedings preclude payment of such taxes when due.
 

 Explanation of Provision
 

 Section 6(e) of the bill relieves the debtor or the trustee from penalties which otherwise might be applicable under sections 6651, 6654, or 6655 of the Code for failure timely to pay certain taxes, with respect to a period during which a bankruptcy case is pending, to the extent that the bankruptcy case precludes payment of such taxes when due.
 
 [5]
 
 This provision is the same as section 6(e) of the House bill.
 

 1980 U.S. Code Cong. & Admin. News 7017, 7064.
 

 Based on the plain reading of the statutory language, we hold that the non-operating trustee of the estate of a corporation in bankruptcy is required to make payments of estimated corporate income taxes pursuant to 26 U.S.C. § 6154 on behalf of a bankrupt corporation and, therefore, will be liable for failure to pay estimated corporate income taxes pursuant to 26 U.S.C. § 6655.
 

 Since our holding is based on the plain language of the statute, it is neither necessary nor appropriate for us to reach appellant’s second contention that the district court erred in its interpretation of the statute by giving too much weight to the interpretation of the statute by the IRS as an administrative agency.
 

 For the reasons stated above, we affirm the judgment of the district court allowing appellee’s administrative claim against appellant in the amount of $21,572.05 for nonpayment of estimated corporate income taxes for the tax years 1978, 1979, 1981, and 1982.
 

 Affirmed.
 

 [1]
 

 . Judge Sweet’s decision is reported at 84-2 U.S. Tax Cas. ¶ 9939, 44 B.R. 271 (S.D.N.Y.1984).
 

 [2]
 

 . Judge Lifland’s decision is reported at 38 B.R. 155 (Bankr.S.D.N.Y. 1984).
 

 [3]
 

 . Former Title 11 of the United States Code in which the Bankruptcy Act was codified was repealed by the Bankruptcy Reform Act of 1978, Pub. L. 95-598 § 401(a), 92 Stat. 2682. The new law is effective generally for bankruptcy cases commenced on or after October 1, 1979. Despite the repealer, the provisions of the Bankruptcy Act govern the instant case. Pub.L. 95-598 § 403(a), 92 Stat. 2683.
 

 [5]
 

 . No inference is intended, by virtue of adoption of the rules in section 6(e) of the bill, that under present law such penalties should be imposed where a debtor or the trustee of a bankruptcy estate is precluded from timely paying such taxes by virtue of bankruptcy proceedings."