**In re DuPAGE BOILER WORKS, INC., Debtor.**

**Bankruptcy No. 86 B 16250.**

United States Bankruptcy Court, N.D. Illinois, E.D.

April 12, 1989.

Lawrence Fisher, Chicago, Ill., Trustee.

Lance M. Los, D'Ancona & Pflaum, Chicago, Ill., for Trustee.

Karen A. Smith, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Rogelio A. Villageliu, Asst. U.S. Atty., Chicago, Ill., for U.S.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO TRUSTEE'S MOTION UNDER 26 U.S.C. § 6658(a)(1) TO BAR ADDITIONS TO TAXES

JACK B. SCHMETTERER,
Bankruptcy Judge.

The Trustee has moved pursuant to 26 U.S.C. § 6658(a)(1) to bar any addition to income taxes due from the bankruptcy estate to the United States for reason of failure to timely pay these taxes. The grounds asserted are that estate assets are probably insufficient to pay all administrative expenses. The United States answered contending essentially that if the Court found such probable insufficiency, then the contested increases to taxes due could properly be barred only after the Court made such finding under § 6658(a)(1), and the prohibition could not relate back to the date the case was filed or to the date the Trustee was appointed.

The Court took evidence and heard argument of counsel on March 16, 1989, and then ruled from the bench that probable insufficiency was found under § 6658(a)(1),

indicating that more complete Findings of Fact and Conclusions of Law would follow.

Now therefore, the Court makes and enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. The Debtor DuPage Boiler Works, Inc. ("DuPage") commenced this case on October 16, 1986, by the filing of its voluntary petition under Chapter 11 of Title 11, United States Code.

2. On October 17, 1986, Lawrence Fisher was duly appointed Trustee for DuPage and continues to act in that capacity to this date.

3. The tax liability of the estate of DuPage for 1987 income taxes is alleged by Trustee to be $12,247.00, but the United States may claim or assess additional taxes for that year pursuant to its current audit, and may thereby claim over $500,000 in taxes and penalties due for that year. The Government's claim for 1987 taxes is based on Trustee's sale of estate assets in that year.

4. (a) On September 15, 1988, the Trustee held on hand $5,957.04 free and clear of all liens and encumbrances.

(b) The Trustee currently holds $24,118.58 free and clear of all liens and encumbrances.

(c) The Trustee also holds in excess of $1,475,000 as and from the proceeds of sale of the Debtor's boilerworks, but the same is held subject to one or more secured claims and liens, and is probably not available to pay administrative expenses.

5. The Trustee has incurred to date administrative expenses and claims for such expenses in amounts totalling in excess of $200,000.00 (assuming that the claim of the United States is only for $12,247 for 1987 taxes rather than the $500,000 it may claim and assess).

6. The Trustee has undertaken litigation to set aside certain alleged liens on segregated proceeds from the sale of assets, which matters have not yet been adjudicated. Such litigation includes a claim

against Aetna Insurance Company for recovery on a fiduciary bond, for which Trustee anticipates probable recovery in excess of $70,000.

7. Considering the state of such litigation against parties other than Aetna, the uncertainty of recoveries therefrom, and likely expenses and fees required in connection therewith, while it is possible that future recoveries will produce sufficient funds to pay all administrative expenses of this estate, that does not now appear probable. In fact, the Court finds that as of the date of trial there was and is a probable insufficiency of funds of the estate to pay all administrative expenses of this bankruptcy estate.

8. Unless this Court enters an order pursuant to 26 U.S.C. § 6658(a)(1), the Internal Revenue Service of the United States will continue to accrue additional penalties and interest for nonpayment of the estate's administrative tax liability for the tax year 1987.

9. Remarks from the bench at the close of the evidence hearing will stand as additional Findings of Fact.

### CONCLUSIONS OF LAW

1. This Court has core jurisdiction over the subject matter of the instant contested proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

2. The Internal Revenue Code allows a bankruptcy court to prevent the assessment of certain penalties on post-petition taxes. Section 6658(a)(1) of the Internal Revenue Code [26 U.S.C. § 6658(a)(1)] provides in pertinent part:

CERTAIN FAILURES TO PAY TAX.— No addition to the tax shall be made under section 6651, 6654, or 6655 for failure to make timely payment of tax with respect to a period during which a case is pending under title 11 of the United States Code—(1) if such tax was incurred by the estate and the failure occurred pursuant to an order of the

court finding probably insufficiency of funds of the estate to pay administrative expenses....[1]

3. The foregoing provision authorizes the bankruptcy court to enter an order finding probable insufficiency of funds to pay administrative expenses in full. As the statute calls for a finding of probable insufficiency, it is clear that the finding is to be made prior to the time of any final distribution in the case when the total of administrative claims and the total amounts available for distribution can be determined with certainty. Moreover, unless such a finding is made, the estate's "failure" to timely pay the tax will not have "occurred pursuant to an order of the court finding probable insufficiency." According to the statute, the penalties are avoided only where the failure to pay occurs pursuant to a bankruptcy court order. This provision thus affords the bankrupt estate an opportunity to avoid assessment of penalties,—but only if an order is entered by the bankruptcy court finding the requisite probable insufficiency.

4. The estate currently holds only $24,-118.58 free and clear of liens and encumbrances, while unpaid administrative expenses currently total over $200,000.00. The claim against Aetna is likely to recover at least $70,000. There are no other assets or sources of funds available for liquidation and payment of administrative expenses other than uncertain and costly litigation.

5. The Bankruptcy Court requires pro rata distribution when the estate cannot fully pay all claims in a certain class. If the estate proves insufficient to pay all administrative claims in full, then any penalties added by the IRS would diminish the dividends to other administrative claimants. No principle of bankruptcy permits such a disparity in payment of claims of equal priority. Since the estate as currently constituted will probably not have sufficient funds to pay administrative expenses in full, the IRS should be prevented from adding further penalties, interest, or other

---

1. An addition to the tax under Section 6651(a)(2) is a .5% monthly penalty on income taxes which have not been paid but for which a return has been filed. Section 6655(a) provides additional penalties for underpayment of estimated tax.

additions to its post-petition claim effective as of and after the date of this Court's finding of probable insufficiency.

6. Moreover, if funds are ultimately collected by the estate sufficient to cover all administrative expenses, the Court can at that time reconsider the amount of the post-petition tax claim under 11 U.S.C. § 502(j). If circumstances warrant such relief, the Court can reconsider the instant ruling and then allow the IRS its full penalties for nonpayment of tax due.

7. The United States correctly points out that Section 6658 provides that no additions to tax are allowable "if such tax was incurred by the estate and *the failure occurred pursuant to an order of the court finding probable insufficiency of funds* ..." (emphasis added). The purpose of this statute was to preclude the penalties only when the bankruptcy proceeding precluded the trustee from making the payments of the tax at the time when they were due. That conclusion is supported by certain reasoning in *Internal Revenue Service v. Trustee, Sapphire Steamship Lines, Inc.*, 762 F.2d 13 (1985). The legislative history of § 6658 makes that reading quite clear. *1980 U.S. Code Cong. & Admin. News* 7017, 7064 ("penalties should not be imposed for failure to timely pay certain taxes to the extent that bankruptcy proceedings preclude payment of such taxes when due"). By its terms, the statute does not allow avoidance of additions to tax for past liabilities incurred by the debtor or trustee where the failure to pay was not then the result of an order or finding of the bankruptcy court.

8. In the case at bar, the Debtor's 1987 taxable year is at issue. The taxes for that year were due and payable on or before April 15, 1988. Thus, the Trustee cannot ask the Court to determine at this time a probable insufficiency of funds and retroactively apply that determination to prohibit the Internal Revenue Service from assessing prior to such determination any tax penalties for prior failure to pay past due taxes. The determination made under 26 U.S.C. § 6658(a)(1) operates prospectively only, not retroactively. The Trustee's argument that such finding should apply retroactively to when the tax was due on April 15, 1988 after the case was filed but before this Court's determination was made finds support neither in law or in logic. He seeks the retroactive benefits of a present finding, a classic bootstrap argument.

9. The Trustee disputes the application of *Sapphire* case, *supra*. In *Sapphire*, the trustee of a Chapter XI debtor filed annual tax returns for the estate and paid annually the tax shown in the returns to e due. He did not, however, make estimated tax payments for several years during the period of administration. Ultimately, the Internal Revenue Service ("IRS") filed in the bankruptcy court a request for payment of penalties and interest based on the trustee's failure to pay estimated taxes. The trustee in *Sapphire* contended that the requirement of making estimated payments during the taxable year did not apply to the trustee of a corporation in bankruptcy. The Second Circuit disagreed, based upon its reading of the relevant statutes involved, *viz.*, §§ 11(a), 6151(a), 6012(b)(3), and 6154(a) of title 26, United States Code.

10. The only reference in *Sapphire* to § 6658 is at the conclusion of the opinion. There, the court quoted the legislative history and noted that provision as support for the court's decision because it allows penalties to be assessed against a bankruptcy trustee for failure to make estimated tax payments. *Id.* at 15–16. The court's reference to § 6658 was made to show that penalties may be assessed against a bankruptcy trustee. The trustee contends that the opinion has no relevance to the issue at hand, and that the opinion does not rest on interpretation of § 6658(a)(1), *viz.*, the circumstances under which a debtor or bankruptcy estate may be relieved from the payment of penalties. The Trustee is correct that the ruling in *Sapphire* did not rest on § 6658(a)(1), and that only certain reasoning at the end of that decision supports the Government's view of that decision.

11. Trustee also argues that the legislative history of § 6658 is supportive of his

position herein. The legislative history cited by him includes the following comments:

2. Relief from certain failures to pay tax when due (sec. 6(e) of the bill and new sec. 6658 of the Code)

*Present Law*

The Internal Revenue Code (secs. 6651, 6654, and 6655) imposes penalties for failure timely to pay certain taxes, unless the taxpayer can establish that the failure was due to reasonable cause and not due to willful neglect. Under bankruptcy rules, *a debtor or the trustee of a bankruptcy estate may be precluded from timely paying certain taxes after commencement of the bankruptcy proceedings.*

*Reasons for Change*

The committee believes that penalties should not be imposed for failure to timely pay certain taxes *to the extent that bankruptcy proceedings preclude payment of such taxes when due.*

*Explanation of Provision*

Section 6(e) of the bill relieves the debtor or the trustee from penalties which otherwise might be applicable under sections 6651, 6654, or 6655 of the Code for failure timely to pay certain taxes, with respect to a period during which a bankruptcy case is pending, *to the extent that the bankruptcy case precludes payment of such taxes when due.*[5] This provision is the same as section 6(e) of the House bill.

*In the case of a tax incurred by the estate, the relief is granted if the failure occurs pursuant to a court order finding probable insufficiency of funds to pay such taxes.* In the case of a tax incurred by the debtor before the commencement of the bankruptcy case, the relief provision of the bill applies if either the bankruptcy petition is filed before the tax return due date, or the date for imposing the penalty occurs after commencement of the bankruptcy case.

. . . . .

[5] No inference is intended, by virtue of adoption of the rules in section 6(e) of the bill, that under present law such penalties should be imposed where a debtor or the trustee of a bankruptcy estate is precluded from timely paying such taxes by virtue of bankruptcy proceedings.

1980 *U.S. Code Cong. & Admin. News* 7017, 7064 (Emphasis added).

12. Trustee concedes from the foregoing legislative statement that tax penalties are not to be assessed where bankruptcy proceedings prevent payment of such taxes when due. However, he reads the statute to make the status and fact of insufficient funds to pay all administrative claimants into the equivalent of a court order finding probable insufficiency. But that reading would simply read out of the statute its plain requirement of a court finding, and disregard the underlined portions of legislative history in the foregoing quotation. Trustee mainly rests his reading of the statute on the footnote quoted above. He argues that even before § 6658 was enacted, a bankrupt estate might have obtained relief from assessment of penalties without any requirement that a probable insufficiency finding be made by the Court. Trustee suggests that it was not Congress' intent in enacting § 6658 to make it more difficult than before for a bankruptcy estate to obtain relief from the payment of penalties. Trustee reads too much into a footnote in the legislative history and supplies no pre-§ 6658 authority to support his reading of the law before that provision was enacted. More to the point, the plain words of § 6658(a)(1) as enacted bar additions to tax only if the failure to pay occurred pursuant to order and finding of the Court. To ignore these words would put the Court in the same position as the *Alice in Wonderland* character who declaimed that words mean only what he intended them to mean. This we cannot accept.

13. Trustee also argues that there are serious practical problems with the Government's position. Those problems are illustrated, in part, by the Trustee's situation in this case. The payment for 1987 taxes was due on April 15, 1988. On that date, the Trustee held less than $6,000 in funds free and clear of liens. He could not have paid the admitted tax of $12,247 on April 15, 1988 even if he deemed such a payment appropriate. However, because of an ex-

tension granted to him to file his tax return, he did not then know the amount of the tax or whether any tax would be due. The total tax due is still uncertain in this case, where the amount of tax is dependent upon allowability of net operating loss deductions attributable to the pre-petition period. Trustee says there are incomplete books and records for that period and that tax returns were not filed by Debtor. Thus the Trustee would have had to litigate the question of probable insufficiency before or shortly after April 15, 1988, at a time when he did not know the amount of the tax or whether any tax would be due at all.

14. Trustee argues that such "premature" litigation in many cases could prove to be a waste of the estate's resources and judicial time. To require litigation of the amount of tax due and thus the total amount of administrative expenses before the tax return is prepared and the amount of tax due is determined is said by Trustee to be "ludicrous".

15. However difficult may be the task faced by Trustee when the taxes for 1987 were due, he was required under 26 U.S.C. § 6658(a)(1) to establish the probable insufficiency at whatever time he had evidence that administrative expenses would likely exceed assets available to pay those expenses. That is what the statute requires, if he wanted to cut off additions to tax after that date. The Trustee's evidence burden to establish probable insufficiency is not high. Indeed, in this case, given the *non-tax* administrative claims and expenses that have accrued (see Finding No. 5), those would have justified an early finding of probable insufficiency of funds to pay those expenses even if Trustee did not know the amount of taxes due. Moreover, the Bankruptcy Court need not be concerned that premature projections of administrative expenses may not prove out to be accurate. This Court can easily correct the situation at the end of the case and allow full tax penalties should assets sufficient to pay all administrative expenses be recovered.

■ 16. The bankruptcy court order contemplated by 26 U.S.C. § 6658(a)(1) is a discretionary order that may be obtained by motion. It is not a declaratory judgment requiring an adversary proceeding. Bankruptcy Rule 7001, which governs adversary proceedings, provides:

An adversary proceeding is governed by the rules of this Part VII. It is a proceeding: (1) to recover money or property, except a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002; (2) to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d); (3) to obtain the approval pursuant to § 363(h) for the sale of both the interest of the estate and of a co-owner in property; (4) to object to or revoke a discharge: (65) to revoke an order of confirmation of a chapter 11 or chapter 13 plan; (6) to determine the dischargeability of a debt; (7) to obtain an injunction or other equitable relief; (8) to subordinate any allowed claim or interest, except when subordination is provided in a chapter 9, 11, or 13 plan; (9) to obtain a declaratory judgment relating to any of the forgoing; or (10) to determine a claim or cause of action removed pursuant to 28 U.S.C. § 1452.

According to a subsection 9 of Bankruptcy Rule 7001, a proceeding to obtain a declaratory judgment relating to any of the matters listed in clauses (1) through (8) must be brought by filing an adversary proceeding within the purview of Rule 7001. The required order, however, finding probable insufficiency of funds is not a "declaratory judgment." Even if it were, it is not a declaratory judgment "relating to any of the foregoing," viz., the forms of relief specified in clauses (1) through (8). Accordingly, the instant motion is a possible and proper procedure and the issue may be disposed of though this contested proceeding. Moreover, the Government has not objected to this procedure.

## CONCLUSION

Pursuant to the foregoing, a separate order will enter effective as of the hearing

and ruling date of March 16, 1989, that a probable insufficiency of assets to pay administrative expenses was then and is found to exist; that the Trustee is therefore barred from paying any of the taxes due until further order of Court; and that the United States is barred from and after that date from imposing any interest, penalties, or other additions to 1987 taxes due it from the estate or Trustee under 26 U.S.C. §§ 6651, 6654, or 6655 for failure of Trustee or Debtor to make timely payment of such taxes due. However, the Court will reserve jurisdiction to reconsider this interlocutory order at any time during the pendency of this case that it may appear on notice and motion that there is or will be sufficient estate assets to pay all administrative expenses.