**In re John B. ASHMUN and Ann B. Ashmun, Debtors.**

**Bankruptcy No. 94–43536–H3–11.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

March 30, 1995.

Sterling A. Minor, Sterling Minor, P.C., Houston, TX, for Debtors.

John F. Higgins, Verner Liipfert Bernhard McPherson and Hand, Chartered L.L.P., Houston, TX, for Triangle Exploration and Development Co.

David E. Whitcomb, Sp. Asst. U.S. Atty., Houston, TX, for U.S. I.R.S.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

The court has considered the Verified Emergency Motion for Order Finding Probable Insufficiency of Funds to Pay Administrative Expenses, or to Authorize Sale of Wainoco Stock to Pay Estimated Quarterly Taxes of the Estate (Docket No. 135) filed by Debtor. The following are the Findings of Fact and Conclusions of Law of the court. To the extent any of the Findings of Fact may be considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law may be considered Findings of Fact, they are adopted as such.

### Findings of Fact

1. John B. Ashmun filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 23, 1994 ("Petition Date"). Ann B. Ashmun filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 26, 1994. The two cases were substantively consolidated by an order entered November 30, 1994 (Docket No. 115). Mr. and Mrs. Ashmun ("Debtors") have continued as debtor in possession since their respective petition dates.

2. The Debtors' principal assets on the Petition Date were 516,338 shares of stock of Wainoco Oil Corporation. Mr. Ashmun scheduled the value of those shares at $2,452,605.00.

3. The court takes judicial notice of the fact that stock of Wainoco Oil Corporation is publicly traded.

4. Agreed Orders were entered on September 15, 1994 permitting sale of certain shares between September 15, 1994 and November 15, 1994 as necessary to retire Debtor's secured debt to Bank One of Texas, N.A., and permitting the sale of 5,000 shares to satisfy the secured debt of Northern Trust Bank of Texas, N.A. (Docket Nos. 62, 63).

5. Debtors report that sales of stock valued at approximately $520,000.00 have taken place, and that after crediting the sales price to the secured debts pursuant to the Agreed Orders, there remained a net yield transfer to the estate of $3,700.00.

6. Debtors have estimated their tax liability for their 1994 tax year, which Mr. Ashmun testified ends April 30, 1995, to be approximately $120,000.00. Based on their estimate, Debtors estimate that they were required to make quarterly tax payments by the first quarter of 1995 of approximately $90,000.00. The court finds this estimate to be credible for the purpose of the instant motions. The court does not make any finding with respect to the amount of the tax actually due for 1995.

7. Debtors seek a determination that they face a probable insufficiency of funds to pay administrative expenses in order to obtain a waiver of the statutory penalties under the tax code for failing to make estimated payments. In the alternative, Debtors seek authority to sell more of the Wainoco Oil Corp. stock in order to pay their estimated quarterly taxes.

8. The sole issue presented is whether the value of the Wainoco Oil Corp. stock must be counted in determining whether there is a probable insufficiency of funds to pay administrative expenses.

### Conclusions of Law

1. When the bankruptcy court finds a probable insufficiency of funds to pay administrative expenses, the Internal Revenue Service ("IRS") is not entitled to collect penalties for a deficiency in tax payments. 26 U.S.C. § 6658(a)(1).

2. The Internal Revenue Code does not define "funds" for the purposes of Section 6658. Debtor suggests that the court limit its meaning to cash on hand. IRS asserts that "funds" is a broad term which is contemplated by the statute to include all assets available to creditors.

3. The purpose of Section 6658 is to preclude the imposition of the penalties when a court determines that the estate was unable to make the required payments at the time when they were due. *In re DuPage Boiler Works, Inc.,* 98 B.R. 907 (Bankr. N.D.Ill.1989).

4. "Funds" is defined as "a generic term and all-embracing as compared with the term "money", etc., which is specific. A sum of money or other liquid assets set apart for a specific purpose, or available for the payment of general debts, claims, or expenses." Black's Law Dictionary 673 (6th Ed.1990).

5. The court concludes that the term "funds" as applied to this case includes the Wainoco Oil Corporation stock. As a result, there is no probable insufficiency of funds to pay administrative expenses.

6. The court concludes that it is in the best business judgment of debtors in possession to sell additional Wainoco Oil Corporation stock to the extent necessary to pay quarterly estimated taxes.

Based on the foregoing, a separate Judgment will be entered authorizing Debtors to sell Wainoco Oil Corporation stock to the extent necessary to pay quarterly estimated taxes.