**In re Donald Alan PASSAVANT and Tammy Jean Passavant, Debtors.**

**No. 05–57318.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division, at Columbus.

Oct. 19, 2010.

James E. Nobile, Nobile & Thompson Co., L.P.A., Hilliard, OH, for Debtors.

*MEMORANDUM OPINION ON CHAP- TER 13 TRUSTEE'S MOTION TO DEEM DEBTORS' MORTGAGE OBLIGATION CURRENT AS OF AUGUST 2009 (DOC. 42)*

CHARLES M. CALDWELL,
Bankruptcy Judge.

## I. Introduction

Before the Court is a motion ("Motion") (Doc. 42) by Chapter 13 Trustee Frank M. Pees ("Trustee") for an order deeming the mortgage obligation of debtors Donald Alan Passavant and Tammy Jean Passavant ("Debtors") current as of the month (August 2009) in which the Trustee made the final payment under the Debtors' Chapter 13 plan ("Final Payment Date"). The holder of the mortgage is Key Bank, N.A. ("Key Bank"), and the mortgage ser-

vicer is Wells Fargo Bank, N.A. ("Wells Fargo"). Key Bank has opposed the Motion by and through Wells Fargo. *See* Docs. 46, 53, 59, 60 and 64. For the reasons stated below, once the Trustee files and the Court approves a final report and account, the Trustee may upload an order granting the Motion.

This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, made applicable in this contested matter by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)").

## II. Jurisdiction

The Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2).

## III. Findings of Fact

Having reviewed the docket of the Debtors' bankruptcy case, the transcript of the hearing held on June 7, 2010 (Doc. 67), the proofs of claim filed by Wells Fargo, and the parties' other submissions, including their stipulations (Doc. 61), the Court makes the findings of fact set forth below.

On April 29, 2005 ("Petition Date"), the Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code"). On the Petition Date, the Debtors filed their Chapter 13 Plan ("Plan"). *See* Doc. 5. The Plan was served on all creditors, including Key Bank and America's Servicing Company ("ASC"), who were provided an opportuni-

ty to object to confirmation of the Plan. *See* Order for Meeting of Creditors, Confirmation Hearing, Combined with Notice Thereof and of Automatic Stays (Doc. 7). ASC is the division of Wells Fargo Home Mortgage that was servicing the Mortgage at the time the Plan was served.[1]

Wells Fargo filed proof of claim number 7–1 on behalf of Key Bank on May 18, 2005 and also filed amended proof of claim number 10–1 on May 26, 2005, asserting a secured claim against the Debtors in the amount of $80,970.52. The sole basis for classifying the claim as secured was a mortgage ("Mortgage") on the Debtors' real property and principal residence located at 5094 Dexter Court, Obetz, Ohio. Proof of claim numbers 7–1 and 10–1 included a prepetition arrearage of $4,607.53. On June 2, 2005, the Debtors filed an objection to the arrearage claim, asserting that it improperly included unenforceable charges and that the amount of the arrearage should be $4,207.53—$400 less than the amount asserted by Wells Fargo. *See* Doc. 11. In response, on June 21, 2005, Wells Fargo filed amended proof of claim number 16–1 ("Claim 16–1"), reducing the prepetition arrearage to $4,207.53. In light of the amendment, on June 27, 2005, the Debtors withdrew their objection to the arrearage claim. *See* Doc. 17.

The Trustee filed the only objection to the Plan. *See* Doc. 14. The Trustee and the Debtors resolved the objection and, on July 14, 2005, the Court entered an order confirming the Plan ("Confirmation Order"). *See* Doc. 18. Pursuant to the Plan as filed and as confirmed, the Debtors'

1. The following information about ASC appears on Wells Fargo's own website, *available at* https://www.wellsfargo.com/mortgage/account/servicing (last visited Oct. 12, 2010): "America's Servicing Company (ASC) is a division of Wells Fargo Home Mortgage that services loans for other investors under the America's Servicing Company name." The court may take judicial notice of this limited factual information about ASC. *See O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir.2007) (holding that district court should have taken judicial notice of certain information on defendant's website).

ongoing, postpetition mortgage obligations were to be paid as conduit payments through the Office of the Trustee. In addition, the Plan includes the following provisions with respect to arrearage claims such as those asserted by Wells Fargo on behalf of Key Bank, which were classified as Class A1 claims:

**CLASS A.** *Residential Mortgage Claims & Arrearages* ... [Y]our claim has been classified as a residential mortgage claim. In this jurisdiction, the Debtor(s) are not permitted to alter or modify [your] rights [under such] claim except as expressly set forth below:

1. "Conduit" Payments ... [T]he payments will be made *through* the Chapter 13 Trustee's office. The first disbursement will be made after confirmation of the Plan, and will include all monthly, post-petition payments due and owing beginning with [the] month following the month of filing of this case. All arrearages, costs and past due fees owing through the month of filing of the Debtor(s)' petition shall be included in the proof of claim. ***It shall be the Creditors responsibility to notify the Trustee and the Debtor's Counsel by Supplemental Proof of Claim, or Amended Proof of Claim, of any changes in the monthly payments due to interest rate change, escrow shortages, or for any other reason.***

. . . .

**IMPORTANT NOTICE**—The Debtor(s)' objective is [to] complete this Plan as calculated. Assuming all payments are made ... your claim(s) should be paid in such a way as to put all parties in the same position they would have been under the original amortization schedule. This assumes that part of any arrearage claim filed will also include unpaid principal.

Any failure on the part of any creditor listed as CLASS A1 or CLASS A2 ... claimants to properly account for this arrearage, which results in any loss to said creditor, shall be borne solely by said creditor. Please be aware of the following:

(i) Any creditor secured by a consensual mortgage on the Debtor(s)' residential real estate who receives a disbursement from the Chapter 13 Trustee during the term of the confirmed Plan on account of ongoing monthly payments, or on account of any pre-petition or pre-confirmation arrearages, late charges, expenses and costs, escrow charges, or other charges, upon payment of those disbursements, and/or arrearage claim, shall adjust its records and show upon its books all such payments and disbursements.

(ii) Upon written request of the Debtor(s) and upon conclusion of this case, any such creditor identified above shall provide a full accounting of all payments received as well as a running loan balance.

(iii) Unless otherwise ordered by the Court, upon issuance of the Discharge, and approval of the Chapter 13 Trustee's Final Report and Account in this case, the following shall apply:

Any mortgage loan for which disbursements are made in this plan under paragraphs 1 or 2 above, shall be deemed current and the mortgage loan balance shall be properly adjusted to reflect the balance as delineated in the original amortization schedule.

Any amounts in excess of that balance shall be deemed discharged

and no longer due and owing by the Debtor(s).

    (iv) It shall be the Creditors responsibility to notify the Trustee and the Debtor's Counsel by Supplemental Proof of Claim, or Amended Proof of Claim, of any changes in the monthly payments due to interest rate change, escrow shortages, or for any other reason.

Plan at 2–4. On March 14, 2006, the Trustee filed his Notice of Intention to Pay Claims ("Notice of Intention"), including the arrearage claim in the amount asserted by Wells Fargo in Claim 16–1, $4,207.53 (Doc. 36). The Notice of Intention was served on Wells Fargo and Key Bank. *See* Doc. 37. On or about August 6, 2009, the Debtors completed payments under the Plan. On August 21, 2009, the Trustee filed his certification of final payment (Doc. 43) ("Certification"). Among other things, the Certification indicated that the prepetition arrearage claim filed by Wells Fargo was paid in full in the amount of $4,207.53 and that the Debtors' ongoing conduit payments had been made. In addition, the Certification included the following notice and opportunity to object:

> The debtor having completed payments under the plan and the Trustee having filed a Chapter 13 Trustee's Certification of Final Payment and Case History; NOTICE is hereby given that if an interested party desires to object to the accounting or to any part thereof [the party] must file an objection and a request for hearing within twenty (20) days of the service of this Certification or the Court will close the estate and the Trustee and the surety will be released on the Trustee's bond. Any objection must set forth with specificity the facts on which the objection is based and be served on the Trustee, debtor, and debtor's attorney.

Certification at 6. The Certification was served on Wells Fargo and Key Bank. *See* Doc. 44. Neither Wells Fargo, Key Bank nor any other party in interest filed an objection to the Certification. Thus, on September 21, 2009, the Court entered an order discharging the Debtors. *See* Doc. 51.

On August 7, 2009, the Trustee filed the Motion. By the Motion, the Trustee requests the entry of an order:

> (a) finding that all pre-petition arrearage claims of Mortgage Company have been paid in full through the Plan;

> (b) finding that all regular, post-petition mortgage payments have been made by the Trustee through the Final Payment Date, and that all such "conduit" payments are deemed to have been made on a timely basis;

> (c) finding that the mortgage obligation to Mortgage Company is deemed current as of the Final Payment Date; and

> (d) directing Mortgage Company to adjust its loan balance to reflect the balance delineated in the original amortization schedule as of the Final Payment Date, and finding that any amounts in excess of that balance, including any alleged arrearages, costs, fees or interest are discharged pursuant to 11 U.S.C. § 1328.

Motion at 2. By comparing the relief requested in the Motion to the relevant provisions of the Plan, it becomes clear that the Plan provides for the relief requested by the Trustee "upon issuance of the Discharge, and approval of the Chapter 13 Trustee's Final Report and Account in this case[.]" Plan at 3. As noted above, the Court has entered an order granting the Debtors a discharge. Thus, the only remaining prerequisite to granting the relief requested by the Trustee is the filing and

"approval of the Chapter 13 Trustee's Final Report and Account[.]" *Id.*[2]

The bar date for asserting claims against the Debtors was August 30, 2005. *See* Doc. 7. Nearly five years after that deadline passed, and approximately eight months after the Trustee filed the Motion, Wells Fargo filed proof of claim number 16–2 ("Claim 16–2") on April 7, 2010. Claim 16–2 is identical to Claim 16–1 in all respects, except that Claim 16–2 asserted, for the first time, a claim for a prepetition escrow shortage in the amount of $6,349.47, which was in addition to the arrearage amount previously asserted by Wells Fargo.

## IV. Legal Analysis

Wells Fargo opposes the Motion on the grounds that it violates the Bankruptcy Rules and the Code. For the reasons stated below, the objection based on the Bankruptcy Rules is incorrect and the objection based on the Code, even if it were correct (which the Court need not decide), is unavailing.

■■■ First, the Court rejects Wells Fargo's argument that a request to deem a mortgage obligation current must be made by means of an adversary proceeding commenced under Bankruptcy Rule 7001. To the contrary, seeking such relief by motion is standard practice not only before this Court, but elsewhere as well. *See, e.g., In re Foreman,* 2010 WL 2696630 at *2–3 (Bankr.M.D.N.C. July 7, 2010) (granting motion by Chapter 13 trustee to deem mortgage current); *In re Ochoa,* 399 B.R. 563, 566 (Bankr.S.D.Fla.2009). More importantly, the practice is consistent with the Bankruptcy Rules. Bankruptcy Rule 7001 sets forth ten categories of relief that must be requested by means of an adversary proceeding:

An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

(3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge;

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

**2.** Although it did so at the time the Plan was filed, the Court no longer enters orders approving final reports in Chapter 13 cases as a matter of course. The Court, however, may do so and will do so in this case in order to comply with the prerequisite set forth in the Plan for deeming mortgage obligations current.

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452.

Fed. R. Bankr.P. 7001. Bankruptcy Rule 7001 does not specifically refer to a request to deem a mortgage obligation current. Wells Fargo, however, contends that such a request is an adversary proceeding under two subsections of Bankruptcy Rule 7001. First, Wells Fargo contends that Bankruptcy Rule 7001(2), which makes a request to determine the validity, priority, or extent of a lien an adversary proceeding, applies to requests to deem mortgages current. The meanings of the terms "validity," "priority," and "extent" are well established. *See, e.g., In re Bennett,* 312 B.R. 843, 847 (Bankr.W.D.Ky. 2004) (" 'Validity' for purposes of Fed. R. Bankr.P. 7001(2) means the existence or legitimacy of the lien itself. 'Priority' means the lien's relationship to other claims or interests in the collateral. Finally, 'extent' means the scope of the property encompassed by or subject to the lien."). Applying those definitions, the Court concludes that a request to deem a mortgage current is not a request to determine the validity, priority or extent of a lien.

Wells Fargo also argues that a request to deem a mortgage current is an adversary proceeding under Bankruptcy Rule 7001(9) because it is a proceeding to obtain a declaratory judgment. Bankruptcy Rule 7001(9), however, makes requests for declaratory judgments adversary proceedings only if they "relat[e] to any of the foregoing" (*i.e.,* to any of the categories previously set forth in Bankruptcy Rule 7001). *See In re Three Strokes Ltd. P'ship,* 397 B.R. 804, 807 (Bankr.N.D.Tex. 2008) ("Bankruptcy Rule 7001(9) only speaks to requests for declaratory judgment relating to items (1)–(8) of Bankruptcy Rule 7001."); *In re DuPage Boiler Works, Inc.,* 98 B.R. 907, 912 (Bankr. N.D.Ill.1989) ("[E]ven if [the order re-quested by the trustee] were [a declaratory judgment], it is not a declaratory judgment 'relating to any of the foregoing,' viz., the forms of relief specified in clauses (1) through (8). Accordingly, the instant motion is a possible and proper procedure and the issue may be disposed of [through] this contested proceeding."). Although certain of the relief requested by the Trustee is in the nature of an injunction or other equitable relief, which is a category listed in Bankruptcy Rule 7001(7), that provision excludes from the adversary-proceeding requirement a request for relief "when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief[.]" Fed. R. Bankr.P. 7001(7). Comparing the relief requested in the Motion to the relevant provisions of the Plan, the Court concludes that the Plan provides for the relief requested by the Trustee. *See* Plan at 3–4 (providing that "[a]ny mortgage loan for which disbursements are made ... shall be deemed current and the mortgage loan balance shall be properly adjusted to reflect the balance as delineated in the original amortization schedule" and that "[a]ny amounts in excess of that balance shall be deemed discharged and no longer due and owing by the Debtor(s).").

Thus, to the extent the relief the Trustee seeks is, as Wells Fargo contends, a declaratory judgment, it is a judgment expressly provided for by the Plan, making an adversary proceeding unnecessary. *See In re Beta Intern., Inc.,* 210 B.R. 279, 282 (E.D.Mich.1996). Because a request to deem a mortgage current is not relief that must be sought by means of an adversary proceeding, the request gives rise to a contested matter that may be pursued by the filing of a motion under Bankruptcy Rule 9014. *See Ochoa,* 399 B.R. at 566. In short, there can be no doubt that it was appropriate for the Trustee to seek the relief he requests by motion.

Wells Fargo's second argument is that, because the arrearage claim is secured solely by real property that is the Debtors' principal residence, the relief the Trustee seeks is prohibited by two provisions of the Code: (1) § 1322(b)(2), under which a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence," and (2) § 1328(a)(1), under which a bankruptcy court "shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt provided for under section 1322(b)(5)[.]"[3] Wells Fargo also contends that "there is no support for the proposition that a confirmed plan can provide for relief expressly forbidden to the debtor (or trustee) by the Bankruptcy Code or Rules." Doc. 64 at 1–2.

Although a bankruptcy court should decline to confirm a plan that does not meet the confirmation requirements of the Code, *see United Student Aid Funds, Inc. v. Espinosa,* —— U.S. ——, 130 S.Ct. 1367, 1381, 176 L.Ed.2d 158 (2010) (holding that " § 1325(a) instructs a bankruptcy court to confirm a plan only if the court finds, *inter alia,* that the plan complies with the 'applicable provisions' of the Code"), an order confirming such a plan is not void, but instead is "enforceable and binding" on a party on notice who "failed to object or timely appeal." *Id.* at 1380. Wells Fargo does not allege that it lacked adequate notice of the Plan, and the Court concludes that both it and Key Bank had adequate notice and an opportunity to object. Neither bank objected to confirma-

tion of the Plan. Thus, even if the banks were correct that the provisions of the Plan under which the Trustee seeks to deem the Mortgage current as of the Final Payment Date violated the Code, the provisions would be enforceable and binding on them under § 1327(a), which provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). *See In re McLemore,* 426 B.R. 728, 734–37 (Bankr.S.D.Ohio 2010) (providing extensive discussion of § 1327(a) and the binding effect of a confirmed plan).

Wells Fargo and Key Bank might have avoided the result mandated by the Plan by filing a supplemental or amended proof of claim for the additional arrearage earlier in the Debtors' case. The Plan gave them the right and responsibility to do so if necessary and expressly provided that failure to "properly account for this arrearage, which results in any loss to said creditor, shall be borne solely by said creditor." Plan at 2. Given that the arrearage arose prior to the Petition Date, the banks had ample opportunity to assert the additional arrearage when Wells Fargo filed the original proof of claim, when it filed the first amendment and when the Debtor objected to the proof of claim, prompting Wells Fargo to file a second amendment. In addition, the banks might have been able to successfully amend the arrearage claim when the Trustee filed and served the Notice of Intention (subject to any valid objection that an amendment at that point should have been disallowed as un-

---

**3.** Section 1322(b)(5) provides that "notwithstanding paragraph (2) of this subsection, [a plan may] provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due[.]" 11 U.S.C. § 1322(b)(5).

timely). But they did none of that. Instead, they waited nearly five years after confirmation of the Plan (and after the Debtors had completed payments thereunder) to assert the additional arrearage claim. Thus, in addition to concluding that Wells Fargo and Key Bank are bound by the terms of the Plan, the Court concludes that they have waived the right to assert the arrearage set forth in Claim 16–2. *See Foreman,* 2010 WL 2696630 at *2, *3 ("The Creditor does not dispute that the Confirmation Order requires it to inform both the Trustee and the Debtor in writing of any of the payment changes during the plan.... After consideration of the foregoing, the court finds that the Creditor waived its right to collect the increase in the monthly payment for which notice was not provided in accordance with the Confirmation Order, and the Trustee's Motion [to Deem Mortgage Current] is granted."); *Armstrong v. LaSalle Bank Nat'l Assoc. (In re Armstrong),* 394 B.R. 794, 801 (Bankr.W.D.Pa.2008). In light of the binding effect of the Plan and the waiver of the right to assert a claim for any arrearages up to the Final Payment Date, the Court need not address Wells Fargo's argument that the Plan violated the Code.

## V. Conclusion

For the foregoing reasons, once the Trustee files and the Court approves a final report and account, the Trustee may upload an order granting the Motion.

**IT IS SO ORDERED.**