■ PREFERRED ELECTRIC & WIRE CORP. et al., Appellants, v DURACRAFT PRODUCTS, INC., Respondent.—In an action to recover damages and for injunctive relief, plaintiffs appeal from an order of the Supreme Court, Kings County (Lodato, J.), dated December 14, 1984, which denied their motion for discovery priority on the ground that they had failed to obtain jurisdiction over the defendant.

Order affirmed, with costs.

On this appeal, plaintiffs contend, *inter alia,* that Special Term improperly denied their discovery motion on jurisdictional grounds since service of process, admittedly upon the law office of Martin, Van de Walle, Guarino & Donohue, was sufficient to confer jurisdiction over the corporate defendant. We do not agree.

It is, of course, true that service of process upon attorneys for a corporation may, by express agreement or by appointment of the latter as agent to receive process on its behalf, constitute valid service upon the corporation (see, CPLR 311 [1]; *Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 271-272). Nonetheless, the burden of proving jurisdiction is upon the party asserting it (see, *Saratoga Harness Racing Assn. v Moss,* 26 AD2d 486, *affd* 20 NY2d 733; *Brooklyn Union Gas Co. v Arrao,* 100 AD2d 949), and here plaintiffs failed to establish by sufficient probative evidence that Martin, Van de Walle, Guarino & Donohue represented the defendant in the instant lawsuit or that it had been appointed as defendant's authorized agent for the purpose of receiving process. Under these

circumstances, any purported service as to defendant was ineffective, and Special Term properly denied the motion on the grounds that jurisdiction had not been obtained over defendant and no action was pending *(see, Pinto v House,* 79 AD2d 361, 364; *State of New York v Cortelle Corp.,* 73 Misc 2d 352, 354, *affd* 43 AD2d 668, *mod on other grounds* 38 NY2d 83). O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.