In re Martin REISMAN, Debtor.

Martin REISMAN, Plaintiff,

v.

FIRST NEW YORK BANK FOR BUSINESS, Defendant.

Bankruptcy No. 92 B 20128.
No. 92 ADV. 5079.

United States Bankruptcy Court,
S.D. New York.

May 14, 1992.

Savage & Geron, P.C., New York City, for debtor.

Marc Stuart Goldberg Associates, P.C., New York City, for First New York Bank for Business.

### DECISION ON MOTION FOR REARGUMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Martin Reisman ("Reisman"), the debtor in this voluntary Chapter 11 case, has moved for reargument of First New York Bank for Business's ("FNYBB") motion to

dismiss the complaint in an adversary proceeding commenced by Reisman to avoid a judicial lien filed by FNYBB as a preference. This court granted FNYBB's motion to dismiss the complaint on the ground that personal service had not been effected under Federal Rule of Bankruptcy Procedure 7004 because Reisman did not serve FNYBB with a copy of the summons and complaint but merely served its attorney. Reisman argues that service on FNYBB's attorney satisfies Rule 7004.

## FACTUAL BACKGROUND

On January 21, 1992, Reisman filed a voluntary petition for reorganizational relief under Chapter 11 of the United States Bankruptcy Code and has continued in possession and management of his property in accordance with 11 U.S.C. §§ 1107 and 1108. FNYBB, a corporation doing business in New York state, is a creditor which had acquired a judicial lien against Reisman and his assets pursuant to New York State Law. On March 16, 1992, FNYBB filed a priority claim with this court in the amount of $1,427,861.77. Marc Stuart Goldberg ("Goldberg"), FNYBB's attorney, filed a notice of appearance ("Notice of Appearance") with this court and served it on the debtor's attorney on March 14, 1992. The Notice of Appearance provides in relevant part as follows:

PLEASE TAKE NOTICE, that the undersigned [Marc Stuart Goldberg & Associates, P.C.] appears for First New York Bank for Business, a creditor and party-in-interest of the debtor above-entitled, and, pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and Section 1109(b) of the Bankruptcy Code, demands that all notices given or required to be given and served upon the undersigned....

PLEASE TAKE FURTHER NOTICE, that pursuant to Section 1109(b) of the Bankruptcy Code, the foregoing demand includes not only notices and papers referred to in the Rules specified above, but also includes, without limitation, orders and notices of any application, motion, petition, *pleading*, request, *complaint*, or demand ... that affects the

Debtor or the property of the Debtor. (emphasis added).

On March 20, 1992, Reisman commenced an adversary proceeding to avoid a judicial lien acquired by FNYBB as a preference. He filed the summons and complaint with this court and served Goldberg with copies. Goldberg filed an answer on April 15, 1992 and duly served the answer upon the debtor's attorney. The trial was scheduled for May 4, 1992. In the answer, FNYBB asserted an affirmative defense that this court lacks personal jurisdiction over FNYBB because the summons and complaint were not served in accordance with Federal Rule of Bankruptcy Procedure 7004.

At the trial, FNYBB orally moved to dismiss the complaint for lack of personal jurisdiction. The debtor conceded that the summons and complaint were served solely upon Goldberg but asserted that service on counsel satisfied Rule 7004 because a Notice of Appearance was filed. Based upon the service, the court ruled from the bench that the requirements of Rule 7004 had not been met and accordingly dismissed the action.

Reisman thereafter moved to reargue FNYBB's motion to dismiss. Reisman's motion will be addressed pursuant to Federal Rules of Civil Procedure 52(b) and 59, as incorporated in Bankruptcy Rules 7052 and 9023. In support of the motion, Reisman argues that the court did not consider relevant statutes and case law when it rendered its decision. Reisman argues that service on Goldberg is sufficient to confer personal jurisdiction over FNYBB because Goldberg is an agent appointed to receive service on behalf of his client under Bankruptcy Rule 7004(a) which incorporates Federal Rule of Civil Procedure 4 as well as under Bankruptcy Rules 7004(b)(3) and (8). Reisman asserts that FNYBB authorized Goldberg to accept process by the Notice of Appearance. Furthermore, Reisman contends that, even if FNYBB did not explicitly authorize Goldberg to receive service on its behalf, Goldberg is implicitly authorized to accept process because he has taken an active role in this case. On

March 30, 1992, Goldberg made a motion on behalf of FNYBB to convert Reisman's Chapter 11 to a Chapter 7 case which this court dismissed. FNYBB also made an application to this court to examine Reisman pursuant to Bankruptcy Rule 2004.

FNYBB opposes Reisman's motion and maintains that service of the summons and complaint in the adversary proceeding was defective under Bankruptcy Rules 7004(a) and (b). FNYBB argues that it did not appoint Goldberg as its agent to receive process. Indeed, Goldberg himself executed and filed the Notice of Appearance. In addition, FNYBB asserts that Goldberg is not implicitly authorized to receive service on its behalf merely because it participated in the bankruptcy case. FNYBB also asks the court to dismiss Reisman's motion under Local Bankruptcy Rule 13(b) because he failed to file a memorandum of law in support of his motion. Reisman argues that his motion should not be dismissed under Rule 13(b) which is discretionary because he filed a brief and served FNYBB before the hearing.

## DISCUSSION

■ An agent's authority to accept process on the corporation's behalf may be implicit or explicit. The phrase "agent authorized by appointment" means an agent that is either expressly or implicitly appointed by the corporation to accept service on its behalf. *Ruddies v. Auburn Spark Plug Co.*, 261 F.Supp. 648, 656 (S.D.N.Y. 1966); 2 J. Moore, Federal Practice ¶ 4.22[2] (2d ed. 1991); 2 Wright & Miller, Federal Practice and Procedure: Civil § 1097 (1987). Accordingly, this court must determine whether Goldberg is an agent explicitly or implicitly authorized to receive process on behalf of FNYBB.

### *Explicit Authority*

■ Goldberg is not an agent explicitly authorized to receive process on behalf of FNYBB under Federal Rules of Bankruptcy Procedure 7004(a) and (b). Bankruptcy Rule 7004(a) incorporates Federal Rule of Civil Procedure 4. A corporate defendant may be served pursuant to Rules

4(d)(3) and 4(c)(i). Rule 4(d)(3) and Bankruptcy Rules 7004(b)(3) and (8) are very similar. These statutes provide that service may be made on a corporation by delivering a copy of the summons and complaint to an "agent authorized by appointment" to receive service of process.

There is nothing in the record that indicates that FNYBB expressly designated Goldberg as its agent for service of process. The Notice of Appearance was executed by Goldberg and was neither signed nor acknowledged by FNYBB. An agent's statement that he has been empowered to accept process is insufficient, standing alone, to establish authorization to receive process. *Schultz v. Schultz*, 436 F.2d 635, 639 (7th Cir.1971); *United States v. Marple Community Record, Inc.*, 335 F.Supp. 95, 101 (E.D.Pa.1971); 2 J. Moore, Moore's Federal Practice ¶ 4.12 (2d ed. 1991).

■ Rule 4(c)(i) provides that a defendant corporation may be served pursuant to state law. New York Civil Practice Law and Rules § 311 and New York Business Corporation Law § 306 govern service on corporations. N.Y.C.P.L.R. § 311 provides that service may be made upon a corporation by serving an agent authorized by appointment with a copy of the summons and complaint. The burden of proving jurisdiction is on the party asserting it. *Preferred Elec. & Wire Corp. v. Duracraft Products, Inc.*, 114 A.D.2d 407, 494 N.Y.S.2d 131, 132 (1985); *Pinto v. House*, 79 A.D.2d 361, 436 N.Y.S.2d 733, 736 (1981). In this case, Reisman has not established that Goldberg was expressly appointed by FNYBB as its agent for the purpose of accepting process. Therefore, service on Goldberg was not effective under N.Y.C.P.L.R. § 311 and did not confer jurisdiction over FNYBB.

■ Service upon Goldberg as agent for FNYBB is also deficient under N.Y.B.C.L. §§ 305 and 306. N.Y.B.C.L. § 305 states that a corporation may designate an agent upon whom process against the corporation may be served. Such an agent is authorized to accept service on behalf of the corporation. N.Y.B.C.L. § 306. Although

N.Y.C.P.L.R. § 318 articulates the procedure for designating an agent for service, it is settled that an agent may be formally or informally designated by the corporation to receive process on its behalf. *Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265, 428 N.Y.S.2d 890, 893, 406 N.E.2d 747, 750 (1980). The proponent must establish that the corporation did in fact authorize the agent to accept service on its behalf. *Preferred Electric*, 494 N.Y.S.2d at 132; *Pinto*, 436 N.Y.S.2d at 736. Here, Reisman has not introduced any evidence that FNYBB appointed Goldberg as its agent to accept service of process. Accordingly, service upon Goldberg is invalid under N.Y.B.C.L. § 306.

### Implicit Authority

 Goldberg is implicitly authorized to accept service on behalf of FNYBB. When a defendant takes an active role in a Chapter 11 case and appears through counsel in a proceeding integrally related to the case, such counsel is implicitly authorized to receive process for the defendants. *Matter of Paddington Press, Ltd.* 5 B.R. 343, 345 (Bankr.S.D.N.Y.1980). Here, FNYBB has taken an active role in the Chapter 11 case through Goldberg. Goldberg filed the Notice of Appearance demanding that all pleadings and complaints be served upon his law firm. Through Goldberg, FNYBB also moved to convert Reisman's case to a Chapter 7 case and has made an application to examine Reisman under Bankruptcy Rule 2004.

"[I]f the agency is to be implied, it must be implied from all circumstances accompanying the attorney's appointment which indicate the extent of authority the client intended to confer." *United States v. Bosurgi*, 343 F.Supp. 815, 818 (S.D.N.Y.1972). In this case, it is evident that FNYBB empowered Goldberg with broad authority to act on its behalf in this Chapter 11 case. Indeed, Goldberg has vigorously represented his client thus far. In light of Goldberg's active role in the Chapter 11 case and the Notice of Appearance directing papers, including a "pleading" and a "complaint", to be served upon his firm, it was appropriate for Reisman to serve him

with process in the preference action. Under the circumstances of this case, it is obvious that FNYBB would receive actual knowledge of the pending preference action from Goldberg. As one court explained while addressing a similar issue:

There is no fear ... that service of the summons and complaint upon [the attorney] would not be brought home to each principal. This is at times a matter of concern in these problems of service of process through claimed authorized agent. That service of process upon their lawyer would bring notice of the lawsuit to [the client] seems beyond argument and is evident here from the motion itself in their behalf to quash the service. Also, a lawyer endowed with all the authority given as here to act and appear is about the best candidate one could choose to insure notice of a pending lawsuit.

*United States v. Davis*, 38 F.R.D. 424, 425–26 (N.D.N.Y.1965). Accordingly, service upon Goldberg as an agent for FNYBB was proper and this court should not have dismissed Reisman's action.

This court rejects FNYBB's argument that Goldberg is not an authorized agent to accept process on its behalf. FNYBB's reliance on *Santos v. State Farm Fire and Cas. Co.*, 902 F.2d 1092 (2d Cir.1990) is misplaced. This case is clearly distinguishable. In *Santos*, there was "no basis for an inference that [the defendant] had authorized its attorneys to accept service of process on its behalf." *Santos*, 902 F.2d at 1094. Indeed, the *Santos* case cites *United States v. Bosurgi*, 343 F.Supp. 815 (S.D.N.Y.1972), for the proposition that an attorney may be implicitly authorized to accept process as an agent for the client when the attorney previously participated in the litigation.

 This court also declines to dismiss Reisman's motion under Local Bankruptcy Rule 13(b). Dismissal under Rule 13(b) is discretionary. Reisman's motion for reargument was brought on shortened time. Although Reisman did not timely file a memorandum of law with his motion, he

articulated his position in the moving papers. A comprehensive brief was filed on the morning of the hearing.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) and (F).

2. The debtor's motion for reargument is granted.

3. Goldberg is an agent of FNYBB who was implicitly authorized by appointment to accept process on FNYBB's behalf. Goldberg's authority may be inferred by the active role that he has taken in the case on behalf of his client. Therefore, service of the summons and complaint upon Goldberg in this action against FNYBB is sufficient.

4. This court declines to dismiss the debtor's motion under Local Bankruptcy Rule 13(b). Although the debtor did not timely file a memorandum of law, a thorough brief was submitted to the court before the hearing.

SETTLE ORDER on notice.