In re MS. INTERPRET, Debtor.

MS. INTERPRET, Plaintiff,

v.

RAWE DRUCK—UND—VER-EDLUNGS—GMBH d/b/a Rawe, Defendant.

Bankruptcy No. 95 B 44328(TLB).
Adversary No. 97–8982A.

United States Bankruptcy Court,
S.D. New York.

July 14, 1998.

Golub & Golub by Steven M. Golub, Mitchell A. Golub, New York City, for Debtor.

Law Offices of Randy Kornfeld, P.C. by Randy Kornfeld, New York City, for Rawe Druck–und Veredlungs–GmbH.

## OPINION ON RAWE'S MOTION TO DISMISS COMPLAINT DUE TO IMPROPER SERVICE

TINA L. BROZMAN, Chief Judge.

Rawe Druck—und Veredlungs—GmbH ("Rawe"), the defendant in this adversary proceeding commenced by Ms. Interpret, the chapter 11 debtor, moves pursuant to Fed. R. Bankr.P. 7004 to dismiss the debtor's complaint to recover a preferential payment on the grounds of lack of proper service.

### I.

The debtor is a designer, manufacturer and marketer of women's wear. Rawe, a German limited liability company, is the debtor's largest trade creditor, holding a $417,793.27 claim, and is a member of the official committee of unsecured creditors (the "Creditors' Committee"). The United States Trustee's Notice of Appointment to the Committee of Unsecured Creditors (the "Appointment Notice") lists Rawe's address as:

Rawe Druck—und Veredlungs—GmbH

Stadstring 68, 48527 Nordhorn, Germany

Postfach 22 49, 48522 Nordhorn, Germany

c/o Rowland & Petroff

Two Park Avenue, 19th Floor

New York, N.Y. 10016

Rawe is not authorized to do business in the state of New York and has never maintained an office, bank account or other assets in this state, according to Rawe's managing director, Dr. Horst Meyer.

Just prior to the expiration of the two year statute of limitations set forth in 11 U.S.C. § 546(a), the debtor sued Rawe to recover an alleged preference, serving Rawe by mail at two addresses: 1430 Broadway, Suite 1207 New York, New York 10018 (which the debtor maintains was Rawe's last known address) and in care of Rowland & Petroff, Rawe's counsel, at 2 Park Avenue, New York, New York. The debtor also served Rawe through the Secretary of State of New York by registered mail.

Rawe claims that the 1430 Broadway address belongs to Robex International, Inc., which is Rawe's domestic sales agent but is not its authorized agent to receive service of process or other legal papers. Robert Friedman, Robex International's president, confirms this relationship and also acknowledges that Robex received and signed for two packages that were sent by certified mail, one from the debtor and the other from the Secretary of State. Robex states that, when it accepted the mailings, it was unaware that the packages might contain legal documents as opposed to the customer remittances it routinely accepted on behalf of Rawe. According to Dr. Horst Meyer, a Robex employee informed Rawe that Robex received the summons and complaint.

Rawe also alleges that, despite the debtor's certificate of service by mail, Rowland & Petroff never received the summons and complaint. Svetlana Petroff, a member of Rowland & Petroff, denied in her affidavit ever receiving a copy of the summons and complaint. Steven Golub, the debtor's attorney, has affirmed that the Post Office never returned the summons and complaint as undelivered.

Rawe's answer denies that this court has obtained personal jurisdiction because of the claimed insufficient service of process. The answer was signed and filed by the office of

Randy Kornfeld, P.C ., rather than Rowland & Petroff. Neither law firm has filed a notice of appearance in either the main case or the adversary proceeding, although Petroff's affidavit states that she appeared in the debtor's chapter 11 case as Rawe's counsel. *Affidavit of Svetlana Petroff,* ¶ 2.

At a pretrial conference, I asked the debtor's counsel about Rawe's improper service assertion. When Golub responded that the debtor would stand by its original service of the complaint, I authorized Rawe to move to dismiss the complaint. Shortly thereafter, the debtor served a new summons and complaint on Rowland & Petroff, first by mail and then by hand. Around the same time, Rawe filed this motion. Because the parties disagreed about whether Rowland & Petroff could be deemed Rawe's appointed agent authorized to accept service of the debtor's complaint, they conducted discovery following which I held an evidentiary hearing. David Gwyder ("Gwyder"), the chairman of the Creditors' Committee, testified on Rawe's behalf; the debtor called no witnesses.

Gwyder testified that the Creditors' Committee met six times and conducted one conference call. Out of the six committee members, only Rawe participated through its counsel. Petroff attended four of the meetings and participated in the conference call; a colleague of hers attended the other two meetings. Gwyder described Petroff as an active, albeit quiet, committee member—although she attended the meetings and voted on all the issues before the committee, she did not direct any discussions. No testimony was elicited about Smith's activity.

During the committee meetings, Petroff never requested an adjournment to consult with Rawe regarding any votes that the committee conducted. Although Rowland & Petroff filed Rawe's proof of claim and participated in the Creditors' Committee meetings, it did not pursue any litigation on Rawe's behalf.

## II.

Rawe argues that the debtor's service of the complaint is deficient in at least three respects. First, Rawe claims that Rowland & Petroff is not its appointed agent authorized to receive service of process and that Rowland & Petroff did not receive the summons that the debtor mailed to it. Second, Rawe asserts that the debtor waived its right to attempt to correct the alleged deficiencies in service when it stated at the pretrial conference that it would stand by its original service. Third, Rawe argues that the debtor failed to follow the procedures set forth in New York Business Corporation Law ("B.C.L.") § 307 for serving foreign corporations when it served Rawe in care of Robex, instead of serving Rawe in Germany.

The debtor counters that its first service was proper because: (i) Rawe expressly appointed Rowland & Petroff as its authorized agent for service of process when Rawe listed the firm as the party to receive notices in Rawe's proof of claim; (ii) even if Rawe did not expressly appoint Rowland & Petroff as its authorized agent for service of process, Rawe impliedly did so because Rawe was active in the debtor's bankruptcy through Rowland & Petroff; and (iii) there is a presumption that Rawe received the properly mailed service and Rawe did not rebut the presumption. In addition, the debtor urges that even if Rawe rebutted the presumption, the second service on Rowland & Petroff was proper service. Finally, the debtor maintains that it satisfied B.C.L. § 307 by serving Rawe at 1430 Broadway, its last known address in the United States.

## III.

Fed. R. Bankr.P. 7004(b)(3)[1] provides a method for serving process upon a foreign corporation. It allows service of process in the United States by mailing a copy of the summons and complaint, through first class mail postage prepaid, to the attention of an

---

1. Bankruptcy Rule 7004(b)(3) states in pertinent part that:

   a party can effectuate service within the United States, by first class mail postage prepaid, [u]pon a domestic or foreign corporation ...

   by mailing a copy of the summons and complaint to the attention of an ... agent authorized by appointment or law to receive service of process.

   Fed. R. Bankr.P. 7004(b)(3).

agent authorized by appointment or by law to receive service of process. Fed. R. Bankr.P. 7004(b)(3).

### A. Did Rowland & Petroff Receive the Summons & Complaint?

The debtor asserts, and Rawe admits,[2] that, as to the first service, there is a presumption of receipt. The debtor argues that Rawe did not rebut the presumption.

■■■ Courts uniformly presume that an addressee receives a properly mailed item when the sender presents proof that it properly addressed, stamped, and deposited the item in the mail. *See Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932) ("the rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed"); *In re Nimz Transportation, Inc.*, 505 F.2d 177, 179 (7th Cir.1974); *Randbre Corp. v. Ladney (In re Randbre Corp.)*, 66 B.R. 482, 485 (Bankr. S.D.N.Y.1986); *Merrill Lynch v. Dodd (In re Dodd)*, 82 B.R. 924, 928 (Bankr.N.D.Ill.1987) (Mem.). *See also Leon v. Murphy*, 988 F.2d 303, 309 (2d Cir.1993) (finding, under New York law, that when sender "presents proof of office procedure followed in a regular course of business, and these procedures establish that the required notice has been properly addressed and mailed," a presumption of receipt arises). An addressee can rebut this presumption if it introduces evidence that supports a finding that the mailing was not received. *See Dodd*, 82 B.R. at 928 (finding that an addressee rebutted the presumption of receipt of a properly mailed notice of bankruptcy because it presented direct testimony that it did not receive the mail and established that it had standardized procedures for receiving and routing its mail); *Dependable Insurance Co. v. Horton (In re Horton)*, 149 B.R. 49, 58 (Bankr. S.D.N.Y.1992) (finding that an addressee did not rebut the presumption of receipt as it did not present evidence that, because of the incomplete address, the postal service could not deliver the notice of bankruptcy to its

post office box and further, its affidavits denying receipt, "[stood] merely as general denials" and were insufficient to rebut the presumption). As these cases illustrate, a party must do more than merely assert that it did not receive the mailing; its testimony or affidavit of non-receipt is insufficient, standing alone, to rebut the presumption. *See Dodd*, 82 B.R. at 929; *Cablevision Systems Corp. v. Malandra (In re Malandra)*, 206 B.R. 667, 673 (Bankr.E.D.N.Y.1997); *Horton*, 149 B.R. at 49; *In re R.H. Macy & Co.*, 161 B.R. 355, 360 (Bankr.S.D.N.Y.1993); *In re Torres*, 15 B.R. 794 (Bankr.E.D.N.Y.1981). *But see Bratton v. Yoder Co. (In re the Yoder Company)*, 758 F.2d 1114, 1118 (6th Cir. 1985) (applying the sixth circuit's minimal rebuttal standard to the presumption of receipt and holding that testimony of non-receipt is sufficient to rebut the presumption).

In *In re STN Enterprises, Inc.*, 94 B.R. 329 (Bankr.D.Vt.1988) (Mem.), a creditor claimed that even if a notice of bar date was sent to him, he did not receive it. The debtor's certificate of service indicated that the bar date notice was sent to the creditor using the mailing address for the creditor that was listed on the bankruptcy petition. In finding that the creditor did not rebut the presumption of receipt, Judge Conrad distinguished the case from *Dodd* because, unlike the creditor in *Dodd*, the creditor in *STN Enterprises* did not show that he possessed regular and efficient standard operating procedures for receiving and reviewing his mail. Although the creditor testified that he opened and reviewed every document that he received, Judge Conrad held that this process did not possess the "regularity and efficiency accorded to the standardized operating procedures of a business." *Id.* Moreover, Judge Conrad stated that the presumption was not rebutted even though the debtor's attorney used the wrong zip code. He explained that "the combination of the facts that the address was only 'slightly incorrect,' the notice was never returned to debtor's attorney as undelivered, and that [the creditor] had received other mailings from debtor's attorney at the incorrect address lead us

**2.** *Rawe's Reply Memorandum of Law*, p. 2.

to conclude that the [creditor received the] notice of the bar date." *Id.* at 335.

The debtor here provides a certificate that, on September 26, 1997, counsel served a properly mailed, stamped and addressed Summons and Notice of Pretrial Conference and Complaint on Rawe. *Affirmation of Steven M. Golub,* Exhibit D. In addition, the debtor submitted a supplemental affirmation by Steven M. Golub stating the Post Office never returned the service of process mailed to Rowland & Petroff as undeliverable. *Supplemental Affirmation of Steven M. Golub,* p. 3 ¶ 4.

Petroff avers that she never received a copy of the summons and complaint mailed on September 26, 1997. *Affidavit of Svetlana Petroff,* ¶ 5. She states that she was present at her office from September 26, 1997 through October 1, 1997, during which time she received no summons and complaint. Between October 2, 1997 and October 13, 1997, Petroff was outside the United States; when she returned on October 14, 1997, she read through all her mail, which contained nothing pertinent to this dispute.

■ Petroff's affidavit does not rebut the presumption that Rowland & Petroff received the properly mailed service of process. Rawe did not present any evidence that Rowland & Petroff employed standardized sorting and routing procedures, or even that it regularly reviewed its mail. In fact, Petroff was outside the United States for a significant period of time within which the service could have been received. No evidence was adduced respecting mail received by the firm during Petroff's absence. Because I find that Rowland & Petroff received the first service of process, I do not reach the issue of whether the debtor waived its right to serve Rawe a second time.

### B. *Was Rowland & Petroff Rawe's Authorized Agent for Service of Process?*

The debtor contends that because Rawe designated Rowland & Petroff as the party to receive notices in its proof of claim, Rawe expressly authorized Rowland & Petroff as its agent for service of process for matters relating to the debtor's bankruptcy. Consequently, the debtor argues, pursuant to Fed. R. Bankr.P. 7004(b)(3), it properly served Rawe.

Rawe asserts that it never designated Rowland & Petroff as "the address to which all notices to this claimant should be addressed" in its proof of claim. The proof of claim is on the reverse side of the Notice of Commencement of Case that was prepared and issued by the Clerk of the Court. "[U]pon information and belief," Rawe asserts, a third party, probably the Clerk of the Court, completed the notice portion of the proof of claim by inserting Rowland & Petroff's address, obtained from the Appointment Notice.[3] Therefore, Rawe states, it never expressly authorized Rowland & Petroff as its agent for service of process.

The debtor also asserts that Rawe filed and signed the proof of claim through its attorney: the proof of claim was signed "Svetlana V. Petroff, Esq., Attorney for the Creditor." Thus, the debtor argues, when Rawe signed the proof of claim, it attested to the accuracy of the contents and is now estopped from denying that it wanted its notices mailed to Rowland & Petroff.

The debtor relies upon *In re Village Craftsman, Inc.,* 160 B.R. 740, 745 (Bankr. D.N.J.1993) to support its proposition that not only is the address in a proof of claim proper for notices that relate to its proof of claim but it is also the proper address for service of process under Fed. R. Bankr.P. 7004(b)(3). There, the debtor served its motion papers[4] on a creditor, a domestic corporation, by mailing the papers to the creditor's post office box. This post office box was the address the creditor designated on its proof of claim as "the address to which all notices

---

3. As an aside, in her deposition, Petroff states that she filled out the address on the Appointment Notice. *Deposition of Svetlana Petroff,* p. 17, lines 17–21.

4. *Village Craftsman* technically did not involve service of process, but of a motion. However, as the court there noted, Fed. R. Bankr.P. 9014 provides that a motion shall be served in the manner provided for service of a summons and complaint by Fed. R. Bankr.P. 7004. Accordingly, the court analyzed the service as though it were treating with a summons and complaint.

to this claimant should be addressed." *Id.* at 745. The creditor argued that the debtor did not effect proper service in that the motion papers were not mailed to an officer or agent of the creditor pursuant to Fed. R. Bankr.P. 7004(b)(3). Because the creditor designated the post office box as the address to receive notices, the court ruled that the creditor "held the address out to be the proper address for service under Bankruptcy Rule 7004(b)(3)" and, therefore, that the debtor properly served the creditor. *Id.*

*Village Craftsman* has recently been followed in *Green Tree Financial Servicing Corp. v. Karbel (In re Karbel)*, 220 B.R. 108 (10th Cir. BAP 1998). There, a motion for valuation of the creditor's collateral was mailed to the address supplied by the creditor to the clerk of the court. The appellate panel held that service was proper under Fed. R. Bankr.P. 7004(b)(3) and that due process was met.

■ As *Karbel* noted, in addition to complying with the rules for service of process, the service must satisfy due process. *Karbel*, 220 B.R. at 112 *citing Ackermann v. Levine*, 788 F.2d 830, 838 (2nd Cir.1986). Due process requires notice which will warn the parties about the action and allow them to present their positions. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (citations omitted). When a party effectuates service at an address listed in a proof of claim, due process is achieved. *Teitelbaum v. Equitable Handbag Co. (In re Outlet Dep't Stores, Inc.)*, 49 B.R. 536, 540 (Bankr.S.D.N.Y.1985).

Similar to the creditor in *Village Craftsman*, Rawe designated one address in its proof of claim to which parties should send notices.[5] Rawe attempts to distinguish *Village Craftsman* on the theory that the creditor in *Village Craftsman* was a domestic corporation while Rawe is a foreign one. This distinction is inconsequential inasmuch as Rule 7004(b)(3) expressly applies to both types of corporations. *Village Craftsman* clearly held that service to the address desig-

nated in a proof of claim is proper under Fed. R. Bankr.P. 7004(b)(3).

■ I also find unconvincing Rawe's argument that because, "upon information and belief," a third party, the Clerk of the Court, completed the notice portion of the proof of claim, the address contained within the proof of claim (which Petroff herself supplied in the Appointment Notice) is not the proper address for service of process. A party who signs a document is presumed to know its contents. *See Wallace v. Chafee*, 451 F.2d 1374 (9th Cir.1971); *Alaska American Lumber Co. v. United States*, 25 Cl.Ct. 518, 529 (1992). And a party that signs a document is bound by the terms of the document. *See Nicholson v. United States*, 29 Fed.Cl. 180, 189 (1993); *Coleman v. Prudential Bache Securities, Inc.*, 802 F.2d 1350, 1352 (11th Cir.1986) (citing cases). Even ignorance over the terms within a document will not prevent a party from being liable on the terms contained within the document. *See Upton v. Tribilcock*, 91 U.S. 45, 1 Otto 45, 23 L.Ed. 203 (1875); *cf. Butts v. Atlanta Federal Savings & Loan Association*, 152 Ga.App. 40, 262 S.E.2d 230 (1979) (finding that when a party signs a writing with blanks left to be filled in by the other party, the person signing "in blank" is bound by the document). Extrapolating from these settled contract law principles, and from the policy which requires the economical and expeditious administration of bankruptcy cases, it is evident that a party may not sign a proof of claim and then assert that it did not want its notices sent to the address contained within the proof of claim. *See Karbel*, 220 B.R. at 112; *Outlet Dep't Stores*, 49 B.R. at 540. Who better than the creditor knows what address it wishes used? Had Rawe desired some other address for service of process in the case, it had only to insert it into the proof of claim. Accordingly, I hold that Rawe expressly authorized Rowland & Petroff as its agent for service of process in the bankruptcy case. But even if I err in this conclusion, the record plainly establishes that Row-

---

5. The designated address was:
   Rawe Druck-und Veredlungs–GMBH
   c/o Rowland & Petroff

2 Park Avenue, 19th Floor,
New York, N.Y. 10016
Attn: Ms. Petroff

land & Petroff was implicitly appointed as Rawe's agent for service of process.

"An agent's authority to accept process on [a] corporation's behalf may be implicit or explicit." *Reisman v. First New York Bank For Business (In re Reisman),* 139 B.R. 797, 800 (Bankr.S.D.N.Y.1992) *citing United States v. Bosurgi,* 343 F.Supp. 815, 818 (S.D.N.Y.1972). The phrase "agent authorized by appointment," from Fed. R. Bankr.P. 7004(b)(3), refers to an agent that a corporation appoints, either expressly or implicitly, to accept service of process on its behalf. To find an implied agency, courts look at all the circumstances under which the defendant appointed the attorney to measure the extent of the authority that the client intended to confer. If the purported agent's activities in the forum are substantial and involve the significant exercise of independent judgment and discretion, service on the agent is valid even in the absence of express authorization to accept process. *See Gibbs v. Hawaiian Eugenia Corp.,* 581 F.Supp. 1269 (S.D.N.Y.1984) *citing Grammenos v. Lemos,* 457 F.2d 1067, 1073 (2nd Cir.1972); *Bosurgi,* 343 F.Supp. at 817–818; *United States v. Balanovski,* 236 F.2d 298, 303 (2nd Cir.1956), *cert denied,* 352 U.S. 968, 77 S.Ct. 357, 1 L.Ed.2d 322 (1957); *cf. J. & L. Parking Corp., Inc. v. United States,* 834 F.Supp. 99, 102 (S.D.N.Y.1993), *aff'd* 23 F.3d 397 *citing Olympus Corp. v. Dealer Sales & Service, Inc.,* 107 F.R.D. 300, 305 (S.D.N.Y.1985). The law in the bankruptcy context is congruent.

When a creditor, through its counsel, is active in a Chapter 11 case, the creditor implicitly authorizes its counsel to receive service of process on its behalf. *See Reisman,* 139 B.R. at 801 (finding that a corporate creditor was active in the bankruptcy case because its attorney filed a notice of appearance, moved to convert the case and applied to examine the debtor under Bankruptcy Rule 2004); *Luedke v. Delta Air Lines, Inc.,* 159 B.R. 385 (S.D.N.Y.1993); *Paddington Press, Ltd. v. Hill Samuel & Co., Ltd. (In re Paddington Press, Ltd.),* 5 B.R. 343, 345 (Bankr.S.D.N.Y.1980) (Mem.) (finding that the creditor, a "banking institution in the United Kingdom[,]" was active in the bankruptcy based on its attorney's activi-

ties—its counsel appeared on one occasion to object to the debtor's proposed financing agreement with a third party).

In *Luedke,* a foreign corporation with no place of business in the United States impliedly authorized its attorney as its agent to accept service because its attorney attended committee meetings, participated on the "New Plan Sub–Committee," commented on and requested amendments to the reorganization plan and reviewed and commented on a complaint filed by the debtor against a creditor. The creditor in *Luedke* had argued that it acted solely as a committee member and, therefore, was not active in the case. Nonetheless, the district court held that, through its counsel, the creditor participated as a committee member and therefore was active in the bankruptcy case. Consequently, the court found that creditor impliedly appointed its attorney as its authorized agent to accept service of process on its behalf.

Through Rowland and Petroff, Rawe was active in the debtor's bankruptcy, attending and participating in every committee meeting and voting on every issue on which the committee voted. The creditors' committee voted on litigation, commenced litigation, objected to fee applications, and dealt with debtor in possession financing. *See Hearing Transcript,* p. 19, lines 3–13; p. 33, lines 17–19. The Creditors' Committee chairman, who has served on several creditors' committees, described Petroff as an active committee member. *See Hearing Transcript,* p. 30, lines 24–25; p. 31, lines 3–6. In her affidavit, Petroff stated that she has "appeared in the Chapter 11 Proceedings of Ms. Interpret, Inc. as counsel for R[awe]." *Affidavit of Svetlana Petroff,* ¶ 2.

Rawe's attempts to distance itself from *Luedke* are unconvincing. Rawe claims that, unlike the defendant in *Luedke,* it was a non-vocal committee member and, therefore, inactive. However, *Luedke* does not address how vocal an attorney must be—the key is active. It is the creditor's activity, through its attorney, that is relevant to a finding of implied authorization. The attorney's quality of work, representation style, or personality is not relevant for these purposes.

What is significant here is that Rowland & Petroff represented Rawe at ev-

ery meeting of the committee and voted as a member thereof without adjourning the proceedings to confer with its client. In other words, Rowland & Petroff functioned as Rawe itself rather than as counsel. Petroff's deposition [6] makes it clear that it was unnecessary for Rowland & Petroff to confer with Rawe about each and every committee meeting or vote. *See generally Deposition of Svetlana Petroff.* Rowland & Petroff's obvious license to vote on issues as they arose, without conferring with Rawe, evidences the "broad authority" Rawe conferred on Rowland & Petroff. *See Bosurgi,* 343 F.Supp. at 818; *Reisman,* 139 B.R. at 800. Indeed; Rawe's counsel's assertion that Rawe appointed Rowland & Petroff to "appear" at the creditors' committee meetings because Rawe is located in Germany and was not going to send employees to the United States for committee meetings, only strengthens the debtor's argument that Rawe implicitly authorized Rowland & Petroff to accept service on its behalf. *See Hearing Transcript,* p. 22, lines 11–17. It is beyond question that Rawe appointed Rowland & Petroff to represent it in the debtor's bankruptcy. *See Affidavit of Svetlana Petroff* ¶ 2; *see generally Deposition of Svetlana Petroff.* And receipt of process by Rowland & Petroff in an adversary proceeding within the debtor's bankruptcy, was a "necessary incident" of Rowland & Petroff's representation of Rawe in light of the law firm's role and the address which Rawe used in its proof of claim. *See United States v. Bosurgi,* 343 F.Supp. at 818. Moreover, Rawe gave Rowland & Petroff "broad authority to act on its behalf." *Reisman,* 139 B.R. at 801.

Accordingly, independent of my prior finding that Rawe expressly authorized Rowland & Petroff as its agent for service of process, I find that Rawe implicitly authorized Rowland & Petroff to receive service of process on its behalf and that Rowland & Petroff, on Rawe's behalf, received the service of process. Having so concluded I find it unnecessary to determine whether service was also proper pursuant to section 307 of New York's Business Corporations Law. Consequently, the motion to dismiss is denied.

The debtor is directed to SETTLE an ORDER consistent with this decision.

---

**6.** Rawe asserts that the transcript of Svetlana Petroff's deposition is inadmissible hearsay under Rule 802 of the Federal Rules of Evidence and that it objected to the admission of Petroff's deposition at the evidentiary hearing. The debtor declares that it advised the court, during its initial remarks at the evidentiary hearing, that it was going to rely on the prior submission of its Second Supplemental Affirmation and the annexed Petroff Deposition Transcript in addition to oral argument.

Svetlana Petroff's deposition is admissible. Contrary to its assertion, Rawe did not object to admission of the deposition at the evidentiary hearing. Because Rawe failed to object, it waived its right to later object to the deposition's admission. *See Kansas City Southern Railway Co., v. C.H. Albers Commission Co.,* 223 U.S. 573, 596, 32 S.Ct. 316, 322, 56 L.Ed. 556 (1912); *United States v. Fletcher,* 344 F.Supp. 332, 336 (E.D.Va.1972) (citations omitted); cf. *Clarksville–Montgomery County School System v. United States Gypsum Company,* 925 F.2d 993 (6th Cir. 1991) (upholding a district court's decision to admit deposition testimony over a party's objection, as within the district court's sound discretion, because the party failed to make a timely objection pursuant to the district court's scheduling order). In fact, Rawe itself used the deposition testimony in the evidentiary hearing. In any event, the deposition testimony is admissible as an admission of a party. *See* Fed.R.Evid. 801(d).