**In re Roxana C. OCHOA, Debtor.**

**No. 03–13809–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

Jan. 6, 2009.

---

Frederic J. DiSpigna, Esq., Plantation, FL, for EMC Mortgage.

Sabrina Chassagne, Esq., Miami, FL, for Debtor.

Nancy N. Herkert, Miramar, FL, Chapter 13 Trustee.

### ORDER GRANTING MOTION TO RECONSIDER AND SETTING FURTHER HEARING ON MOTION TO DEEM MORTGAGE CURRENT

ROBERT A. MARK, Bankruptcy Judge.

Before the Court is the Motion for Reconsideration of Order Deeming Mortgage Current ("Motion to Reconsider") [CP# 66] filed by a secured creditor, EMC Mortgage Corporation ("EMC"). EMC argues that service of Debtor's Motion to Deem Mortgage Current [CP# 54] was insufficient because the Debtor served EMC's counsel of record, but did not serve EMC directly. As explained below, serving only EMC's counsel was insufficient in this contested matter since none of the law firms which appeared for EMC were agents authorized to accept service under Fed.R.Bankr.P. 7004(b)(3). As such, the Motion to Reconsider will be granted, and

the Court will conduct a further hearing on the Motion to Deem Mortgage Current.

### Factual and Procedural Background

Roxana C. Ochoa ("Debtor") filed this Chapter 13 case on April 13, 2003. EMC's predecessor in interest, Washington Mutual Bank, F.A. ("WAMU") filed a proof of claim asserting an arrearage of $17,602.61 under a first mortgage on the Debtor's home. Debtor's First Amended Chapter 13 Plan (the "Plan") filed on August 14, 2003 [CP# 21] provided for a 60 month cure of the full arrearage set forth in WAMU's claim. The Plan was confirmed on September 19, 2003 [CP# 27].

After confirmation of the Plan, WAMU transferred its claim to EMC, as set forth in the Unconditional Transfer of Claim filed by EMC on February 17, 2004 [CP# 29]. Thus, as of that date, EMC became the party in interest with respect to the WAMU mortgage treated in the Plan. The pertinent facts in the present dispute relate to the activity (or inactivity) of the three law firms which have appeared for EMC in this Chapter 13 case. The first attorneys of record were Butler & Hosch, P.A. ("Butler & Hosch") which filed a Notice of Appearance for EMC on June 1, 2004 and filed a Motion for Relief from Stay on June 14, 2004 [CP# s 30, 31 respectively]. EMC's Motion for Relief from Stay, which alleged that the Debtor was behind in her Plan payments, was initially scheduled for hearing on July 13, 2004. The hearing was continued to August 10, 2004, but no Order appears on the docket.[1] Butler & Hosch filed no further papers in the case.

There was no activity by any attorney for EMC until three years later, on September 17, 2007, when the Law Offices of David J. Stern, P.A. ("Stern P.A."), filed a

---

1. The Court presumes that the Motion for Stay Relief was denied or withdrawn, because the Debtor had become current under her Plan.

Notice of Change of Address for Disbursements [CP# 42]. A month later, on October 18, 2007, McCalla Raymer, L.L.C. ("McCalla Raymer") filed a Notice of Appearance on behalf of EMC [CP# 43]. Neither Stern P.A. nor McCalla Raymer filed any other papers in the case until Stern P.A. filed the Motion to Reconsider subject of this Order.

Debtor made all of her plan payments as reflected in the Chapter 13 Trustee's Notice of Plan Completion [CP# 51], and on July 7, 2008, Debtor filed her Motion to Deem Mortgage Current, requesting an Order finding the Debtor current under the EMC mortgage through April 2008 [CP# 54]. The Certificate of Service indicates that Debtor served the Motion to Deem Mortgage Current on all three firms which had appeared for EMC, Butler & Hosch, McCalla Raymer, and Stern P.A. (together, "EMC's Attorneys"). EMC was not served directly. A hearing on the Motion to Deem Mortgage Current was set for August 12, 2008 [CP# 55]. According to Debtor's Certificate of Service [CP# 58], the Notice of Hearing was similarly served on EMC's Attorneys, but not on EMC itself.

The Court conducted a hearing on the Motion to Deem Mortgage Current on August 12, 2008. EMC did not file a response and no one appeared on behalf of EMC at the hearing. On August 15, 2008, this Court entered its Order Granting Motion to Deem Mortgage of EMC Mortgage Corp. Current (the "Order") [CP# 60] which found that EMC's mortgage was current as of April 18, 2008, the month in which the Debtor completed cure payments under the Plan. Debtor served EMC's Attorneys with the Order on August 18, 2008 [CP# 64].

On August 25, 2008, Stern P.A., filed EMC's Motion to Reconsider. The Motion to Reconsider raises the sufficiency of service issue and also argues that the Debtor was not current under the mortgage after completing her plan payments because of alleged escrow account shortages. Debtor filed a response to the Motion to Reconsider on October 16, 2008 [CP# 74], and the Court conducted a hearing on that day. Because of the late response, the Court granted the parties leave to file supplemental authority. Debtor's Citation to Supplemental Authority was filed on October 20, 2008 [CP# 75], and EMC filed its Supplemental Authority on October 22, 2008 [CP# 76].

### Discussion

### A. The Motion to Deem Mortgage Current had to be Served Under Fed. R. Bankr.P. 7004(b)(3)

■ This Court must determine whether service of process upon EMC was properly effectuated under Fed. R. Bankr.P. 7004(b)(3). Rule 7004(b)(3) is applicable here through Fed. R. Bankr.P. 9014, which governs contested matters. Although the Bankruptcy Code does not specifically define contested matters, the Advisory Committee Note to Rule 9014 states, "[w]henever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter." Under this definition, a motion to deem a mortgage current is property characterized as a contested matter and must meet the requirements of Fed. R. Bankr.P. 9014. Fed. R. Bankr.P. 9014(b) states that "[t]he motions shall be served in the manner provided for service of summons and complaint by Rule 7004." Moreover, this Court's local rules provide the manner of service of motions to deem mortgages current at the end of the cure period under a Chapter 13 plan. Specifically, Local Rule 3070–1(E)(5) states, "The mortgagee shall be served in accordance with Bankruptcy Rule 7004." Thus, both the Federal Rules of Bankrupt-

cy Procedure and this Court's local rules require a debtor to serve a motion to deem mortgage current in compliance with Rule 7004.

According to Rule 7004, service may be made within the United States by first class mail. Fed. R. Bankr.P. 7004 (2008). Because EMC is a domestic corporation, service must comply with Rule 7004(b)(3), which governs the manner in which service shall be made upon a corporation by first class mail:

> Service may be made within the United States by first class mail postage prepaid upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to *any other agent authorized by appointment or by law to receive service of process* and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Bankr.P. 7004(b)(3) (2008)(emphasis added). The sole issue here is whether any of EMC's Attorneys were agents authorized to accept service under this rule.

### B. Attorneys May Be Expressly or Impliedly Authorized to Accept Service of Process

■ At issue in the present case is the interpretation of the rule's language allowing service to be on "any other agent authorized by appointment." *Id.* An "agent authorized by appointment" is an agent that is either expressly or implicitly appointed by the corporation to accept service on its behalf. *In re Reisman,* 139 B.R. 797, 800 (Bankr.S.D.N.Y.1992). EMC argues that it never received sufficient service of process under Fed. R. Bankr.P. 7004(b)(3) because EMC's Attor-

neys were not express or implied agents for purposes of service of process and Debtor only served EMC's Attorneys. Debtor argues that she properly served process upon EMC by serving its attorneys who were authorized agents as a result of their participation in the bankruptcy case. As discussed below, the Court finds that none of EMC's Attorneys were expressly or implicitly authorized to accept service.

### 1. The Unequivocal Actions of a Party May Make an Attorney an Explicit Agent Authorized to Receive Service of Process

■ The first issue is whether a Notice of Appearance represents express authority to accept service of process. This precise issue was addressed in *Reisman,* cited earlier. In that case, the court determined that an attorney for a corporate defendant was not an explicitly authorized agent to accept service of process where that attorney filed a Notice of Appearance that was neither signed nor acknowledged by the corporate defendant. *Reisman,* 139 B.R. at 800. As such, an agent's statement that he has been empowered to accept process is insufficient, when standing alone, to establish the necessary authorization to receive process. *Id.*

In contrast, the court in *In re Ms. Interpret,* 222 B.R. 409 (Bankr.S.D.N.Y.1998), found that a party expressly authorized a law firm to act as its agent for service of process in a bankruptcy case where the law firm's address was used on the proof of claim. Moreover, when a party effectuates service at an address listed on a proof of claim, due process is achieved and service of process is sufficient. *See In re Outlet Dep't Stores, Inc.,* 49 B.R. 536, 540 (Bankr.S.D.N.Y.1985). In the present case, the address on the proof of claim does not list the address of EMC's Attor-

neys. In fact, as noted earlier, the proof of claim was filed by WAMU, not EMC. Since nothing in the record indicates that EMC expressly designated any attorney as its agent for service of process, this Court must determine whether EMC impliedly authorized any of EMC's Attorneys to accept process on its behalf.

### 2. Active Participation by a Party's Attorney May Make the Attorney an Implied Agent to Receive Service of Process

■ To find implied agency for purposes of service of process, "courts look at all the circumstances under which the [party] appointed the attorney to measure the extent of the authority that the client intended to confer. If the purported agent's activities in the forum are substantial and involve the significant exercise of independent judgment and discretion, service on the agent is valid even in the absence of express authorization to accept service of process." *In re Ms. Interpret,* 222 B.R. at 416.

Active participation, not mere participation, was the common element in each case where a court found that an attorney was impliedly authorized to receive service of process on behalf of a party. "When a [creditor] takes an active role in a bankruptcy case and appears through counsel in a proceeding integrally related to the case, such counsel is implicitly authorized to accept process for that creditor." *Reisman,* 139 B.R. at 801 (internal citations omitted) (finding that a corporate creditor was active in the bankruptcy case because its attorney filed a notice of appearance, moved to convert the case and applied to examine the debtor under Bankruptcy Rule 2004); *see also Luedke v. Delta Air Lines, Inc.,* 159 B.R. 385 (S.D.N.Y.1993) (corporation impliedly authorized its attorney as its agent to accept service because

its attorney attended committee meetings, participated on the "New Plan Sub–Committee," commented on and requested amendments to the reorganization plan and reviewed and commented on a complaint filed by the debtor against a creditor); and *In re Ms. Interpret,* 222 B.R. at 417 (corporation impliedly authorized its attorney as its agent to accept service because its attorney attended every meeting of the committee and voted as a member thereof without adjourning the proceedings to confer with its client). By contrast, courts have held that a notice of appearance, without more, is insufficient to find that service of process on an attorney is proper as an implied agent. *See In re Century Electronics Manufacturing,* 284 B.R. 11, 19 (Bankr.D.Mass.2002) (finding that a notice of appearance filed by an attorney, without the attorney/agent taking an active role in the case and appearing in a proceeding integrally related to the case, was not sufficient to find service of process on attorney was proper).

### C. No Attorney for EMC Qualified as "An Authorized Agent by Appointment" to Receive Service of Process on Behalf of EMC

■ Debtor cites to three cases in support its argument that EMC's Attorneys were implied agents for purposes of service of process, but all three cases have distinguishable factual circumstances. In *In re Fusco,* 2008 WL 4298584 (6th Cir. BAP Sept.19, 2008), the court determined that the creditor's attorneys were impliedly authorized agents to receive process. In that case, counsel for the creditor did not file a formal notice of appearance at the time that she was served with a sale motion. However, counsel did file two motions for relief from stay regarding the property at issue and also appeared at a hearing on a second motion at which the sale motion and service of sale motion

were explicitly discussed. Debtor also cites *Rubin v. Pringle (In re Focus Media Inc.)*, 387 F.3d 1077 (9th Cir.2004). In that case, the court held that the attorney who appeared extensively in involuntary bankruptcy proceedings, not only on behalf of the debtor corporation but also as "personal lawyer" for the debtor's principal, had implied authority to accept service of process on the principal's behalf. *Id.* at 1084. Lastly, Debtor cites to *Reisman.* As discussed earlier, the *Reisman* court found that an attorney was impliedly authorized to receive process for a corporate creditor which was active in the bankruptcy case because its attorney filed a notice of appearance, moved to convert the case and applied to examine the debtor under Bankruptcy Rule 2004. *Reisman*, 139 B.R. at 802.

Each case cited by Debtor is distinguishable from the present case because none of EMC's Attorneys' conduct came close to the level of participation deemed sufficient in the cited cases. The only attorney that filed any substantive papers was Butler & Hosch, and that occurred in 2004. Moreover, as noted earlier, the record indicates that the Motion for Relief from Stay filed by Butler & Hosch was not prosecuted and that firm never appeared in court on behalf of EMC in any matter relating to the mortgage at issue or any other issue. Stern P.A. filed only a Notice of Change of Address for Disbursements and made no other appearance on behalf of EMC until it filed the Motion to Reconsider. McCalla Raymer only filed a Notice of Appearance. Simply stated, these acts do not rise to the level of active participation necessary to find implied authorization to accept service of process under Rule 7004(b)(3).

### Conclusion

Debtor urges this court to adopt a rule that the mere appearance of record by an attorney in a bankruptcy case results in the attorney being an implied agent authorized to accept service of process under Rule 7004(b)(3). That is not the law. Attorneys must engage in some level of active participation before they are impliedly deemed to be agents for service of process. None of EMC's Attorneys met that standard in this case. Therefore, EMC was not properly served with the Motion to Deem Mortgage Current and the Motion to Reconsider must be granted.

For the foregoing reasons, it is—

**ORDERED** as follows:

1. EMC's Motion to Reconsider · is granted.

2. The Court will conduct a further hearing on the Motion to Deem Mortgage Current on *February 12, 2009*, at *3:00 p.m.*, at the U.S. Bankruptcy Court, 51 S.W. First Avenue, Courtroom 1406, Miami, FL 33130.

3. By *January 19, 2008*, Debtor shall file a Response addressing the escrow shortages asserted by EMC in the Motion to Reconsider.

4. EMC shall file a Reply, if any, by *February 6, 2009*.

5. The additional papers required by this Order shall address whether Judge Isicoff's holding in *In re Dominique*, 368 B.R. 913 (Bankr.S.D.Fla.2007), if followed by this Court, would apply to the escrow shortages alleged in EMC's Motion to Reconsider.

**ORDERED.**